MINNIE M. JACKSON, *Appellant,* v. PLINY BULLOCK, *et al., Appellees.*

1. Where a second suit is not upon the same cause of action and between the same parties or their privies in interest as the first, a final adjudication in the first suit upon the merits is not conclusive in the second suit as to questions determined in the first suit. The test of the identity of causes of action, for the purpose of determining the question of *res adjudicata,* is the identity of the facts essential to the maintainance of the suits.

2. The facts necessary to show the right of the public in the use of a street are not the same as the facts that are necessary to show the right of an abutting owner who takes or reserves title to land bounded by a street, to have the use of the street in connection with the rightful use of his abutting property, as against one who is bound by the granted or reserved right of the abutting owner in the use of the street

3. In a suit brought by the owner of land abutting on a street to enforce such owner's rights in the use of the street, a plea of *res adjudicata* that in a suit between the town authorities and the person who obstructs the street, the street was adjudged to be not a public street, but private property, is not good as against the private rights of the abutting owner to the use of the streets in connection with his abutting property.

This case was decided by the Court En Banc.

Appealed from the Circuit Court for Hamilton County.

The facts in the case are stated in the opinion of the court.

*F. P. Cone, M. F. Horne* and *Russel L. Frink,* for Appellant;

*A. B. & C. C. Small,* and *S. S. Sandford,* for Appellees.

WHITFIELD, C. J.—This appeal was taken by the defendant Minnie M. Jackson from an order overruling a plea of *res adjudicata* in a suit brought by an alleged abutting land owner to enjoin an alleged obstruction of a street called Spring Street on the south side of complainants' land.

The bill of complaint in effect alleges that the predecessor in title of the complainants was the owner of land and laid out and dedicated to public use streets upon the land; that the land was sold reserving to the grantor certain portions of the lands with stated privileges to the grantor and her heirs in the use of the mineral waters of a spring located on the land conveyed and called White Sulphur Springs; that the purchasers of the property under whom the defendant claims took with a reservation of the complainants' property "as being bounded on the south by a street running eastward from the said White Sulphur Spring;" that at the time the defendant acquired an interest in the land over which said street passes, the said land was charged with the use of a public street; that the defendant has erected a house in the street and constructed fences across the street so as to prevent its use as a street by complainants in connection with property abutting on the street. An injunction and other relief is prayed.

The plea of the defendant sets up an adjudication in a prior suit between the defendant and the town authorities of the town of White Springs in which the land is now located wherein it is averred the street in question was adjudged to be not a public street, but the private property of the defendant here. This plea was overruled and the defendant appealed therefrom.

Where a second suit is not upon the same cause of action and between the same parties or their privies in interest as the first, a final adjudication in the first suit upon the merits is not conclusive in the second suit as to questions determined in the first suit. The test of the identity of causes of action, for the purpose of determining the question of *res adjudicata,* is the identity of the facts essential to the maintainance of the suits. Prall. v. Prall, 58 Fla. 496, 50 South. Rep. 867.

The facts necessary to show the right of the public in the use of a street are not the same as the facts that are necessary to show the right of an abutting owner who takes or reserves title .to land bounded by a street, to have, the use of the street in connection with the rightful use of his abutting property, as against one who is bound by the granted or reserved rights of the abutting owner in the use of the street.

If as alleged, the defendant's interest in the street is subject to the rights of the complainant's to use it in connection with abutting property as contemplated by the former owner under whom both parties claim, the plea of *res adjudicata* is not good against the complainants whose private rights in the use of the street as an abutting owner were not adjudicated in the prior suit. While the plea may be good as to some of the allegations of the bill of complaint, it is not good as to other allegations of a private right of the complainants that may state an equity.

The order appealed from is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.