LILLIAN MAY HAY, *Appellant,* v. LYMAN A. SALISBURY AND RUTH SALISBURY, *Appellees.*

Opinion Filed August 2, 1926.

1. "The foundation principle upon which the doctrine of *res judicata* rest is that parties ought not to be permitted to litigate the same issue more than once; that, when a right or fact has been judicially tried and determined by a court of competent jurisdiction, or an opportunity for such trial has been given, the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties, and those in privity with them in law or estate." 15 R. C. L., p. 953.

2. "Public policy and the interest of litigants alike require that there be an end to litigation, and the peace and order of society demand that matters distinctly put in issue and determined by a court of competent jurisdiction as to parties and subject-matter shall not be retired between the same parties in any subsequent suit in any court. The doctrine of *res judicata* not only puts an end to strife, but produces certainty as to individual rights and gives dignity and respect to judicial proceedings which otherwise would be endless." 15 R. C. L., p. 954.

3. In order that the plea of *res-judicata* be sustained, there must be identity of the causes of action involved in the prior suit and the pending suits, and there must also be the same parties, or their privies.

4. "The test of the identity of causes of action, for the purpose of determining the question of *res adjudicata*, is the identity of the facts essential to the maintenance of the suits." Jackson v. Bullock, 62 Fla. 507, 57 South. Rep. 355.

5. "When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive in the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined within the issues as they were made or tendered by the pleadings or as incident to or essentially connected with the subject-matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties. This rule applies to every question falling within the purview of the original action, both in respect to matters of claim and defense, which could have been presented by the exercise of due diligence." 15 R. C. L., p. 963.

6. "A judgment on the merits is an absolute bar to a subsequent action on the same claim, and concludes the parties and their privies, not only as to every matter which was offered and received to sustain or defeat the claim, but also as to any other admissible matter that might have been offered for either purpose." Sauls v. Freeman, 24 Fla. 209, 4 South. Rep. 525.

7. "A judgment or decree unreversed is conclusive upon parties and estops them from setting up in a new suit brought to annul or set aside, any matter of defense of which the parties could have availed themselves in the original proceedings, the evidence of the facts constituting the defense having been known to the parties in due time." Mattair v. Card, Admr., 19 Fla. 455.

8. The fact that a final decree adjudicating the rights of litigants is upon a decree *pro confesso*, does not prevent such decree from being conclusive and binding between the parties as to the matters litigated.

9. "The conclusiveness of a judgment upon the rights of the parties does in no wise depend upon its form or upon the fact that the court investigated or decided the legal principles involved; a judgment by default or upon confession is in its nature just as conclusive upon the rights of the parties before the court as a judgment upon demurrer or verdict." Gifford v. Thorn, 9 N. J. eq. 722.

10. To a bill filed by H. against S., seeking to enforce the specific performance of an alleged contract entered into for the sale of certain real estate by S. to H., a plea of *res adjudicata* was filed, alleging a prior suit by S. against H. and another, seeking the removal of any claims of said H. and another under said alleged contract, or otherwise, said real estate as clouds upon the title of S., the service of process in said suit, the entry of decree *pro confesso* and final decree thereon, quieting the title of S. as against any claims of H. under said contract, and declaring the fee simple title to said property in S., free of any claims of H. thereto under said contract, or otherwise. Under an agreed statement of facts, the allegation of the plea was sustained.

*Held*: That the final decree in the prior suit adjudicated the rights of H. under the contract, as any rights she may have had under the alleged contract could and should have been put in issue in the prior suit.

An Appeal from the Circuit Court for Pinellas County; M. A. McMullen, Judge.

Affirmed.

*Hampton, Bull & Pencke* and *S. S. Sandford,* for Appellant;

*Harris & Denning,* for Appellees.

CAMPBELL, Circuit Judge.—On June 30, 1924, Lillian Mae Hay filed her bill of complaint in the court below, seeking to have Lyman A. Salisbury and Ruth F. Salis-

bury, his wife, specifically perform an alleged verbal agreement to convey certain lands described in the bill of complaint as follows, to-wit:

Lot three (3) of W. S. Smith's Re-plat of Block five (5) of Lakeside Sub-division ,as per recorded plat thereof.

The bill alleges in substance that on or about June 1, 1923, the complainant, through her agent, James D. Hay, entered into a verbal agreement to purchase from the defendant, Lyman A. Salisbury, the property described, for a specific amount; that $100 of the consideration was paid in cash and that complainant, the purchaser, was let into the possession of the property; that another payment was to be made when the defendant delivered a valid written contract evidencing said sale, and that further installment was to be paid on January 1, 1925, when a warranty deed would be executed by defendants and delivered to complainant, and a mortgage on said property executed by complainant to secure the deferred payments; that a certain contract for the sale of property to complainant was executed and tendered to complainant, but that it excepted a perpetual easement of four feet across the lot which was not mentioned in the oral agreement; that complainant declined to accept the contract unless the exception of the perpetual lease was eliminated from the contract, or the purchase price reduced *pro tanto;* that after negotiations extending over several months, the complainant, not being able to induce the defendant to eliminate from the contract the provision for a perpetual easement, or to get him to reduce the consideration *pro tanto,* advised defendant that the complainant would accept the contract as drawn, providing for the reserved easement, and that she was ready to make the payments in cash provided for in the contract, and, upon receiving the warranty deed to the property, was ready to execute a mortgage thereon to secure the deferred payments; that the defendant refused to carry out the pro-

15—Vol. 92.

visions of the contract, accept the payments, and execute therefor his warranty deed.

The bill prays that the defendant be required to execute and deliver to the complainant a deed of conveyance for the property, properly joined by his wife, upon payment of such cash installments of the purchase price as might be due and the execution of the mortgage for the deferred payments, as provided for in the alleged agreement.

To this bill of complaint the respondent filed a plea, setting up a prior adjudication of the question raised in complainant's bill of complaint. This plea was filed on April 6, 1925, and alleges in substance that the respondent herein, as Lyman A. Salisbury, on January 24, 1924, filed his bill of complaint in the court below against the complainant, Lillian Mae Hay, and one James D. Hay, the purpose of the bill being to quiet title to the described property in Lyman A. Salisbury.

This plea sets out in full the proceedings had in the alleged prior suit, attaching thereto, as a part of said plea, certified copies of the bill of complaint, decree pro confesso, final decree and the mandate of the supreme court. The plea further alleges that the final decree in the alleged prior suit decreed said Lyman A. Salisbury to be the owner in fee simple of the property described, free and clear of all claims of the said Lillian Mae Hay; and that the said Lillian Mae Hay was, by said decree, perpetually enjoined from thereafter asserting any right, claim, interest or demand in, upon or to said property.

The complainant filed replication to this plea. The case was then submitted to the court for final hearing on an agreed statement of facts.. Upon final hearing the court below found that the plea was sustained, and upon counsel for complainant refusing to plead further, the bill of complaint was dismissed. From this decree the complainant appealed.

There are three errors assigned, but they may be combined in one, the substance of which would be as follows: The court erred in rendering its decree that the plea of the respondents be sustained, and thereupon dismissing the bill of complaint.

The complainant in the court below did not raise any question as to the sufficiency of the respondents' plea. In filing replication the sufficiency of the plea was admitted.

Under the statute and the rule governing pleas in equity in this State, the complainant may "take issue upon the plea, and if upon an issue, the facts stated in the plea be determined for the defendant, they shall avail him as far as in law and equity they ought to avail him." Sec. 3127, Rev. Gen. Stats.; Equity Rule 50.

The plea was to the entire bill, setting up the prior adjudiciation of the matters complained of therein. If, under the facts as agreed upon between the parties, it was shown that the rights of the complainants had been adjudicated in the prior suit, the plea was properly sustained and the bill of complaint dismissed.

It appears from the plea, the exhibits attached thereto, and the testimony, that on January 24, 1924, Lyman A. Salisbury, one of the appellees in the instant case, filed a bill of complaint against Lillian Mae Hay, the appellant herein, and James D. Hay, her agent, in which the said Lyman A. Salisbury alleged his ownership in fee simple of Lot three (3) W. S. Smith's Re-plat of Block five (5) Subdivision in the City of St. Petersburg, Pinellas County, Florida; that on or about January 3, 1924, Lillian Mae Hay and James D. Hay caused to be prepared, filed and recorded in the public records of said county a certain document purporting to give notice of purchase of the property to all persons interested therein. The document is attached to

the bill as exhibit ''A,'' which, excepting the certificate of acknowledgment, is as follows:

''To Lyman *Salisbury* and all other persons interested in Lot three (3) W. S. Smith's Re-plat of Block five (5) Lakeside sub-division of the City of St. Petersburg, Pinellas County, Florida.

''Notice is hereby given that I have purchased from Lyman Salisbury through his attorney S. Henry Harris, the following described property, J. D. Hay acting as my agent: Lot three (3) of W. S. Smith's Re-plat of Block five (5) Lakeside Sub-division to the City of St. Petersburg, Pinellas County, Florida, and am ready, able and willing to comply with the terms of said sale and shall expect full compliance of said terms by said Lyman Salisbury, owner of said premises.

''Witness my hand and seal this 3rd day of January, A. D. 1924.

Lillian Mae Hay (Seal).''

In presence of

   Muriel Futch

   Susan E. Ervin.

It was further alleged in the bill of complaint referred to and attached to this plea as an exhibit, that Lillian Mae Hay and James D. Hay claimed some right, title or interest in the property described, but they had repeatedly refused to litigate the same; that the property was unimproved and not in the possession of any one, but was in the constructive possession of Lyman A. Salisbury as a result of his title deeds; that the defendants, Lillian Mae Hay and James D. Hay, while refusing to litigate their claims or take any steps toward prosecuting same, had, for the purpose of injuring the complainant and clouding his title and preventing a sale of the premises, filed the purported notice attached to the bill as exhibit ''A.''

It further appears from the plea that the prayer of the bill of complaint in the prior suit was that the court quiet the title to such premises in the complainant, Lyman A. Salisbury, as against Lillian Mae Hay and James D. Hay and all persons claiming by, through or under them; that the purported notice of purchase be decreed to be a cloud upon the title of the complainant and that it be removed therefrom; that the defendants Lillian Mae Hay and James D. Hay may be perpetually enjoined from thereafter asserting any title in or to such land by reason of the notice, etc.

It further appears from the plea that after service of process in the alleged prior suit a decree pro confesso was entered because of the failure of the defendants to properly plead, answer or demur to the bill, and that after testimony before a Master the court rendered its final decree, adjudging the equities to be with complainant, Lyman A. Salisbury, and that as against the defendants, Lillian Mae Hay and James D. Hay, the complainant Lyman A. Salisbury is the owner in fee simple of Lot three (3) of W. S. Smith's Re-plat of Block five (5) Lakeside Sub-division in St. Petersburg, Pinellas County, Florida, free and clear of all claims of the defendants, Lillian Mae Hay and James D. Hay, or any person claiming by, through or under them, or either of them, and that the defendants, James D. Hay and Lillian Mae Hay, be perpetually enjoined from hereafter asserting any right, title, claim, interest or demands in, upon or to the said Lot three (3) of W. S. Smith's Re-plat of Block five (5) Lakeside Subdivision.

It appears that in the final decree the court also found that Lillian Mae Hay entered possession of the lot described in the bill of complaint, *after* the filing of the suit, and ordered that the defendants, and each of them, be required to relinquish possession of the property and vacate the same within thirty days.

The case set forth in the plea of the respondents as the suit in which the rights of the complainant in the instant case were adjudicated was appealed to this court, and the final decree of the lower court affirmed by a per curiam opinion. Hay v. Salisbury, 88 Fla. 496, — South Rep. —.

It seems that after the final decree in the former suit and pending the appeal thereof to this court, the appellant instituted her suit for specific performance.

"The foundation principle upon which the doctrine of res-judicata rests is that parties ought not to be permitted to litigate the same issue more than once; that, when a right or fact has been judicially tried and determined by a court of competent jurisdiction, or an opportunity for such trial has been given, the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties, and those in privity with them in law or estate." 15 R. C. L. p. 953, par. 430.

"Public policy and the interest of litigants alike require that there be an end to litigation, and the peace and order of society demand that matters distinctly put in issue and determined by a court of competent jurisdiction as to parties and subject matter shall not be retried between the same parties in any subsequent suit in any court. The doctrine of res-judicata not only puts an end to strife, but produces certainty as to individual rights and gives dignity and respect to judicial proceedings; otherwise would be endless." 15 R. C. L. p. 954.

In order that the plea of res-judicata be sustained, there must be identity of the causes of action involved in the prior suit and the pending suits, and there must also be the same parties, or their privies.

There is no question but that in the cases we are considering here the principal parties in the two suits are identical. In the first suit Lyman A. Saulsbury, as Lyman A. Salis-

bury, was endeavoring to quiet his title as against the claims of Lillian Mae Hay under an alleged contract of purchase by her. In the suit now being considered Lillian Mae Hay is endeavoring to enforce the same contract against Lyman A. Salisbury, as Lyman A. Saulsbury, and wife.

In the first suit set up the plea of res adjudicata, Lillian Mae Hay could have obtained the relief she now claims, if she was entitled to it. In that suit the very rights she asserts in this suit would, if proved, have been a defense in the prior suit that was instituted to quiet Salisbury's title as against her claims.

The same facts that would entitle the complainant in the present suit to have the respondent specifically perform the alleged verbal agreement or contract to convey the property in controversy, would have prevented the complainant in the former suit from having his title cleared as against the rights claimed under the agreement. There is, therefore, in this case that identity of the causes of action as is required to be alleged and proved to sustain the plea of res adjudicata. 15 R. C. L. p. 964, par. 439.

We said in the case of Jackson v. Bullock, 62 Fla. 507, South. Rep.:

"The test of the identity of causes of action, for the purpose of determining the question of res adjudicata, is the identity of the facts essential to the maintenance of the suits."

"When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive in the latter not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined within the issues as they were made or tendered by the pleadings or as incident to or essentialy connected with the subject-matter of the litigation, whether the same,

as a matter of fact, were or were not considered. As to such matters a new suit on the same causes of action cannot be maintained between the same parties. This rule applies to every question falling within the purview of the original action, both in respect to matters of claim and defense, which could have been presented by the exercise of due diligence. 15 R. C. L. p. 963.

"A judgment on the merits is an absolute bar to a subsequent action on the same claim, and concludes the parties and their privies, not only as to every matter which was offered and received to sustain or defeat the claim but also as to any other admissible matter that might have been offered for either purpose." Sauls v. Freeman, 24 Fla. 209, South. Rep. See also 24 Am. & Eng. Enc. Law (2nd ed.) 114; Davis v. Brown, 94 U. S. 428, 24 L. Ed. 207.

In Mattair v. Card, Admr. 19 Fla. 455, we held the following: A judgment or decree unreversed is conclusive upon parties and estops them from setting up in a new suit brought to annul or set it aside, any matter of defense of which the parties could have availed themselves in the original proceedings, the evidence of the facts constituting the defense having been known to the parties in due time."

As we have seen from our consideration of the allegations of the plea and of the agreed statement of facts, the complainant in the prior suit to remove the cloud from title to the property involved in this controversy, alleged that the respondents in that suit, one of whom is complainant here, claimed a right or interest in the property and refused to litigate it. The bill prayed that the complainant's title be not only quieted as to the alleged notice of purchase, but also that it be quieted as against any claim of the said respondents therein, or either of them. There was a clear

call in this bill for the respondents to answer and put forth any claims they had or the facts to sustain any claim they may have had,˙ but they failed to properly defend, and a decree pro confesso was ordered by the court below.

While the decree relied upon as having adjudicated the rights claimed by the appellant in the instant suit was by default or upon decree pro confesso, yet it does not prevent the decree being conclusive and binding between the parties as to the matters litigated. 15 R. C. L. p. 987, par. 461; United States *ex rel.* George W. Horshman v. County Court of Knox County, U. S. —, 30 E. Ed. 1152.

''The conclusiveness of a judgment upon the rights of the parties does in no wise depend upon its form or upon the fact that the court investigated or decided the legal principles involved; a judgment by default or upon confession is in its nature just as conclusive upon the rights of the parties before the court as a judgment upon demurrer or verdict.'' Gifford v. Thorn, 9 N. J. Eq. 722.

We said, in Huddleson v. Graham, 73 Fla. 350, — South. Rep. —: ''Where in an equity cause the legal and equitable title to land is adjudicated as between the parties, the decree in said cause will constitute res adjudicata, as between the same parties or their privies in a subsequent action at law involving the title to the said land.''

The final decree in the prior suit, as alleged in the plea and as shown by the agreed statement of facts, adjudged the fee simple title to the property to be in Lyman A. *Salisbury*, free of any claim or right, title or interest of the respondent, Lillian Mae Hay, and enjoined her from further claiming same. This decree was in full force when the plea was filed, and is in full force to this time, the same not having been reversed or set aside. Such decree adjudicated the rights asserted by the complainant under the alleged contract, and therefore the court below properly

found that the plea had been sustained, and there was no error in dismissing the bill of complaint.

The decree of the court below is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree of the Circuit Court in this cause be, and the same is hereby affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS AND BUFORD, J. J., concur.

TERRELL, J., dissents.