## AMERICAN TRUST CO. v. BUTLER.
### No. 5829.

Circuit Court of Appeals, Fifth Circuit.
Feb. 16, 1931.

H. C. Tillman, of Tampa, Fla., and Marshall F. Sanders, of Miami, Fla., for appellant.

Thomas G. Farmer, Jr., and Jesse Grantham, both of Miami, Fla., for appellees.

Before FOSTER, Circuit Judge, and HUTCHESON and SIBLEY, District Judges.

SIBLEY, District Judge.

American Trust Company, as executor, sued J. D. Butler and G. E. Butler, Jr., at

law in the District Court of the United States for the Southern District of Florida to recover a balance due on certain promissory notes originally for $18,000, executed by Duncan M. Stansbury. It was alleged that, after Stansbury had executed the notes and secured them by a mortgage of described Florida lands, he conveyed the mortgaged property to the Butlers by a deed which they accepted and which recited as part of its consideration: "This conveyance is made subject to the lien of a mortgage for Eighteen thousand ($18,000) Dollars which the said parties of the second part, by the acceptance of this deed, hereby assume and agree to pay," and that the $18,000 mortgage was that securing the notes sued on. The case was, over objection of the American Trust Company, transferred to the equity docket. The Butlers, in their answer, set up that American Trust Company had previously foreclosed its mortgage in an equity court of the state of Florida, they as well as Stansbury being parties defendant to the foreclosure, and had sought a deficiency decree after sale of the mortgaged property, which had been granted as against Stansbury only. The proceedings in the foreclosure were exhibited and were claimed to be a conclusive adjudication that the Butlers did not owe the balance on the notes. The case was afterwards submitted to the court on an agreed statement of facts which established the truth of the pleadings above recited, with reservation of certain questions touching the admissibility of parol proof. The court sustained the plea of res judicata, refusing to pass on the other questions and dismissing the case with prejudice. American Trust Company appeals.

The foreclosure proceeding in the state court does not adjudicate against the liability of the Butlers. It is true they had been parties to it, but the only allegation of their interest in the matter was that they acquired title to the morgaged property since the mortgage and subject to it. There was no exhibit of the deed to them and no allegation that they had assumed the mortgage or become liable for the debt secured by it. Touching the deficiency the prayer was for "a deficiency decree against the defendant liable therefor," without naming him. On the face of the pleadings, Stansbury, the maker of the notes and mortgage, was the only defendant liable. No one defended the suit, and the foreclosure was had pro confesso, and the deficiency decree against Stansbury was taken on confirmation of the sale. The liability of the Butlers was in no wise put in issue. The established rule concerning the effect of a prior judgment on the merits between the same parties or their privies is this: If the cause of action is identical in the former and latter suits, all questions and contentions properly involved in it, either to uphold or defeat it, are settled and disposed of whether actually brought forward and litigated or not. This is true res judicata. The res of that particular cause of action is completely and finally disposed of and cannot be reopened unless by the process of orderly review. But if the cause of action set up in the latter suit is a different one, there is no conclusive adjudication of this new res, but such particular rights or questions as can be shown to have been actually litigated and decided in the former case, or were necessarily involved in the conclusion there reached, cannot be again litigated. This is properly termed estoppel by judgment. Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Russell v. Place, 94 U. S. 606, 24 L. Ed. 214. In the foreclosure suit here in question the cause of action was the equitable right to bar the equity of redemption by a sale of the mortgaged property. The legal right to have judgment for the balance of the debt is cognizable only in the effort of equity to do complete justice and grant complete relief, and generally through a rule of court or statute authorizing it. Noonan v. Lee, 2 Black. 499, 17 L. Ed. 278; Dodge v. Freedman's Co., 106 U. S. 445, 1 S. Ct. 335, 27 L. Ed. 206. There is a statute of Florida allowing the grant of a deficiency decree in the discretion of the court. Gober v. Braddock (Fla.) 131 So. 407, June term, 1930. No doubt the liability of the Butlers also for the deficiency might have been brought into the foreclosure suit as germane thereto, but this is essentially a different cause of action from the foreclosure of the mortgage and from the liability of Stansbury on his notes.

Whether the obligation of the Butlers to pay the mortgage be considered as a cause of action at law or in equity, it arises out of a different contract from the original notes, made at a different time and on a different consideration, contained in a different instrument, and involving different parties. The adjudication upon the mortgage and upon the notes decided nothing touching the liability of the Butlers, no allegation and no prayer concerning it having been made. It is not enough that this distinct cause of action might have been litigated. The burden

of showing that it was in fact litigated and decided is on him who claims the estoppel by judgment. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214, De Sollar v. Hanscome, 158 U. S. 216, 15 S. Ct. 816, 39 L. Ed. 956. Moreover, since the foreclosure occurred in a Florida court under the Florida statute, the mere refusal of a deficiency decree against the Butlers would show no adjudication on the merits if their contract had been pleaded, because of the element of discretion in granting this relief. Langford v. Bond Realty Corporation (C. C. A.) 47 F.(2d) 480, this day decided.

The contention that the Butlers, by accepting the deed with the recital above quoted, did not agree to pay the mortgage debt, but only took title subject to the mortgage, is not sustainable. The words "subject to the lien of a mortgage for eighteen thousand ($18,000) dollars which the parties of the second part agree to pay" is a clear promise to pay the $18,000. The mortgage could not be paid off otherwise than by paying the mortgage debt. The language is much more explicit than "subject, however, to certain incumbrances now resting thereon, payment of which is assumed by said party of the second part," which was held to bind the grantee to the payment of the secured debts in Keller v. Ashford, 133 U. S. 610, 10 S. Ct. 494, 33 L. Ed. 667. See, also, Tuttle v. Armstead, 53 Conn. 175, 22 A. 677; 41 Corpus Juris § 767.

The reserved objection to parol proof that the $18,000 assumed was part of the consideration of the deed is not important. The fact that the assumption is written into the deed sufficiently imports that it is part of the consideration of the deed. So also objection to parol proof that the $18,000 mortgage mentioned in the deed was that to the American Trust Company is not well taken. Written instruments can always be applied by parol identification of their subject-matter, otherwise many of them would fail of application. Clark v. Manufacturers' Ins. Co., 8 How. at page 245, 12 L. Ed. 1061; Lonergan v. Buford, 148 U. S. 581, 13 S. Ct. 684, 37 L. Ed. 569.

The question whether the suit is properly one at law or in equity, and whether it should have been transferred to the equity docket (see Union Mutual Life Ins. Co. v. Hanford, 143 U. S. 187, 12 S. Ct. 437, 36 L. Ed. 118; Johns v. Wilson, 180 U. S. 440, 21 S. Ct. 445, 45 L. Ed. 613), was waived by agreeing on the facts. With no issue of fact to be tried the case would be decided by the judge whether at law or in equity. If error was committed in the transfer, it did no harm. From what has been said, however, the court should have rendered judgment for the American Trust Company for the balance due, and the case is reversed, with direction so to do.