C. S. McEWEN, *et ux.,* v. GROWERS LOAN & GUARANTY CO., *et al.*

156 So. 527.

Opinion Filed September 19, 1934.

*George P. Garrett,* for Appellants;

*Wm. Hunter, L. M. Turner, Duncan, Hamlin & Duncan,* and *Gaines & Futch,* for Appellees.

PER CURIAM.—This case is before the Court upon an appeal entered by C. S. McEwen and Bessie McEwen, his wife, as complainants in the court below, from an order vacating on rehearing a previous order of the court below striking certain portions of the answer of the American Surety Company of New York City, Lake Region Packing Association, Leesburg Citrus Growers Association, Highland Citrus Sub-Exchange, J. C. Merrill, J. B. Prevatt, and Growers Loan & Guaranty Company, as defendants. The order appealed from was entered on December 9, 1932.

The Court is of the opinion that it is unnecessary to determine at this time whether or not the answers that were attacked by the motion are good as pleas of *res adjudicata,* or are good as setting up matters of estoppel by judgment as to some of the issues sought to be brought in controversy by the bill of complaint filed by the appellants in this case. It is plain that the matters presented by the answers may have a material bearing upon the ultimate decision of the case on its merits and that such answers will avail the defendants as far as in law and equity they ought to avail

them at the final hearing. Therefore the Court was not in error in reconsidering its former order striking portions of the answers in question and in entering a subsequent order on rehearing by which the motions to strike were denied.

A judgment or decree in a prior action may operate as an estoppel as to matters or points in issue upon determination of which the earlier finding, verdict or decree was rendered, even in cases where the judgment would not be capable of being pleaded as *res adjudicata.* Gray v. Gray, 91 Fla. 103, 107 Sou. Rep. 261. There is a wide difference between the effect of a judgment or decree as a bar or estoppel against the prosecution of a second action upon the same claim or demand and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment or decree, if rendered upon the merits, constitutes an absolute bar to subsequent action. Where, however, the second action between the same parties is upon a different claim or demand, or is upon the same claim or demand alleged as against the same parties and others who were not parties, the judgment or decree in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding, verdict or decree was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment or decree rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not that might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action when falling within the latter classification. 15 R. C. L. 950.

A distinction between the doctrine of estoppel by judgment and the doctrine of *res adjudicata* is important in cases

like this where some but not all of the present parties were before the Court in the previous litigation, and where a part but not all of the presently made claim or demand was put in issue in the earlier suit.

When the present appeal was entered by the appellants the appellees filed cross assignments of error attacking the order of the Chancellor refusing to grant a motion to dismiss the bill of complaint for want of equity. On April 19, 1933, appellants filed their motion to strike the appellees' cross assignments of error, which motion was postponed by this Court to be considered on final hearing of the main appeal. We have now reached the conclusion that the motion to strike the cross assignments of error should be granted on the ground that the cross assignments of error relate to an entirely different interlocutory order from the one appealed to this Court in the present case. "Upon an appeal from one interlocutory order, cross assignments of error upon other interlocutory orders will not be considered." Burr v. Powell, 63 Fla. 379, 58 Sou. Rep. 29.

Upon an appeal from one interlocutory order in order to entitle the appellee to insist upon and present cross assignments of error upon other interlocutory orders, it is necessary that the appellee enter a cross appeal in the case from the interlocutory order to which his cross assignments are intended to be directed, thereby bringing to the appellate court the particular interlocutory order to which the cross assignments of error are addresses. That practice was not followed in the present case, therefore the cross assignments of error cannot be considered because the Court has not jurisdiction over the interlocutory order to which the cross assignments relate, this appeal being not an appeal from the final decree, but from a different and separate interlocutory order.

The decretal order appealed from is affirmed and the cause remanded for further proceeding not inconsistent with this opinion.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.