**WILLIAM G. BLANCHARD, et al., v. W. L. STRIBLING, SR., et al.**

24 So. (2nd) 713
January 29, 1946

January Term, 1946
Special Division A

*C. W. Peters,* for appellants.

*Davis, Davis & McClure, Chas. E. Davis* and *W. Turner Davis,* for W. L. Stribling, Sr., and *Thomas H. Anderson,* for J. L. McCord, appellee.

BARNS, Circuit Judge:

"3. The Court erred in not entering an order vacating and setting aside its final decree date June 5th, 1945 as prayed by defendants in their petition to vacate said decree.

"4. The Court erred in not allowing these defendants to file their answer to plaintiff's Bill of Complaint and to be heard thereon, in accordance with their petition to vacate said decree.

"9. The Court erred in decreeing in and by its said final decree that the defendants Blanchard and McCord as partners are owners of 25% interest in said leases."

Assignments of error 3 and 4 are so related that they will be treated together.

A decree pro confesso was regularly rendered against the appellants. Among the defendants below against whom the final decree was rendered and who offered no contest were J. L. McCord, Frank J. Pepper, and E. Buhler. These defendants did not appeal.

When the bill is considered with such proof as is before us, together with the proposed answer of the defendants who are appellants here, and further considering the fact that the cause was allowed to proceed to final decree even by inadvertence, we are not convinced that any grave injustice has been done appellants by the chancellor in failing to open the decree pro confesso and allowing appellants to interpose their defense.

The circumstances here might justify a reversal of the chancellor if the equities of the appellants were greater, according to the appellants' tendered answers, but considering the consistencies between the bill, the tendered answers, the documentary proof, and the final decree we find no reason for a reversal.

The tender of an answer showing a meritorious defense is ordinarily a condition precedent to the setting aside of a

decree pro confesso, and the facts constituting the defense must distinctly and satisfactorily appear. Stribling v. Hart, 20 Fla. 235.

We find no harmful error on the matters covered by these two assignments; however, in the abundance of precaution to do as much for appellants as appears ought to be done them, it is decreed that William G. Blanchard be given notice of any hearings before the chancellor relating to any further proceedings in said cause, such as authorizing or confirming any contract, sale, or transfer of any interest by said receiver.

Appellants by assignment of error 9 and argument before this court complain that the chancellor erred in adjudicating William G. Blanchard and J. L. McCord to have been *partners.*

It has been held that:

" . . . In all cases, therefore, where it is sought to apply the estoppel of a judgment or decree rendered upon one cause of action to matters arising in a suit upon a different cause of action, the injury must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined." McEwen et ux. v. Growers' Loan & Guaranty Co. et al., 116 Fla. 540, 156 So. 527.

The record here indicates there is a suit pending in Dade County, and it is clear that appellants fear that this adjudication of partnership will prejudice Blanchard's rights in his Dade County suit against McCord and others.

This Suwannee County action was not predicated on any partnership relation between Blanchard and McCord. This gives rise to the question of what is the possible effect of such adjudication on the Dade County litigation. If none, there is no harmful error. We find the applicable law to be as follows:

"A judgment by default only admits for the purpose of the action the legality of the demand or claim in suit; it does not make the allegations of the declaration or complaint evidence in an action upon a different claim." Cromwell v. County of Sac, 94 U.S. 351. See also 5 H.L.R. 5 and Restatement, Contracts, Section 68.

The partnership status was not in issue and at most was only an incidental and collateral matter. Wherefore in the abundance of precaution the matter of partnership as recited in the final decree is decreed to be without prejudice and to stand at large, and said decree appealed is in all other respects affirmed.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.