**PECKHAM v. FAMILY LOAN CO. et al.**

No. 13488.

United States Court of Appeals, Fifth Circuit.

May 13, 1952.

Jay E. Darlington, Hammond, Ind., L. S. Julian, Richard E. Cotton, Miami, Fla., for appellant.

Garland M. Budd, W. G. Ward, Miami, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

BORAH, Circuit Judge.

Plaintiff-appellant, R. E. Peckham, the assignee of an unsatisfied judgment in the amount of $824,933.33 and interest against Sol Meyer, now deceased, brought this action to uncover assets alleged to have been fraudulently transferred by the judgment debtor and to subject them to the payment of the judgment.

The sole question properly presented by this appeal is whether the court erred in holding that the plaintiff was estopped by a judgment against his predecessor in a prior proceeding.

The former proceeding, wherein the estoppel by judgment is claimed to arise, was brought by plaintiff's predecessor in the Circuit Court of Dade County, Florida, against Ferd S. Meyer individually and as trustee of a Meyer family trust.[1] The complaint there alleged that the indebtedness of Sol Meyer had been reduced to judgment; that Sol had conveyed a described parcel of real estate to himself and his son Ferd as trustees of the family trust and also alleged, upon information and belief, that at various times unknown Sol conveyed to his son, Ferd, personal property of unknown description and value. The com-

---

1. The suit was brought by Thomas E. Garvin, receiver of the Meyer-Kiser Bank of Indianapolis, Indiana, against Ferd S. Meyer, as trustee, and Ferd S. Meyer, individually. This was case No. 63001 in the Circuit Court of the 11th Judicial Circuit of Florida, in and for Dade County, Florida.

plaint charged that these conveyances to Ferd of real and personal property were without consideration but were voluntarily and fraudulently made with the intention of defrauding the judgment creditor. The prayer was to decree the described conveyance void and to have Ferd disclose the nature, value, and amount of any other property conveyed to him by his father, Sol. The cause came on to be heard and the state court held that the evidence adduced at the hearing before a master failed to show that Sol ever conveyed any property to Ferd. Accordingly, the court entered judgment, dismissing the complaint with prejudice.

The present action was brought in the United States District Court for the Southern District of Florida by R. E. Peckham, assignee for the creditors of the Meyer-Kiser Bank of Indianapolis, Indiana, against Family Loan Company, a Florida corporation, Ferd S. Meyer, individually and as trustee, Rosalyn A. Meyer, James Meyer, individually and as trustee, Hoke T. Maroon, individually and as trustee, all citizens and residents of the state of Florida. In substance the complaint alleged that while Sol was indebted upon the cause of action for which judgment was recovered and while his assets were insufficient to pay the indebtedness, and with the intent to cheat, hinder, delay and defraud the judgment debtor, he transferred his assets by the following manipulation and device: He promoted the organization and business of the Family Loan Company and was the actual or equitable owner of the capital which went into the corporation, or a substantial part thereof. He also loaned or furnished additional money and property to the corporation, which it used in its business. In return, the corporation issued its capital stock and debentures but, instead of having them issued in his name, Sol caused or knowingly permitted same to be issued in the names of his relatives and business associates, the defendants here.

In holding that the plaintiff was estopped by the judgment entered in the state court proceedings and dismissing the cause with prejudice, the court below found that the matter sought to be litigated herein should have been litigated in the prior case. This appeal followed.

We think the order dismissing the case was erroneously entered and we hold that Case 63001 in the Circuit Court of Dade County, Florida, does not bar the present action.

In Peckham v. Ronrico Corporation, 171 F.2d 653, 658, the Court of Appeals for the First Circuit had before it a case which involved substantially the same allegations as those now presented and, with the exception of the defendants James Meyer, trustee, and Family Loan Company, involved all of the parties to the present suit. On the issue of estoppel by judgment, the court said:

"Before concluding, we should make brief reference to defendants' suggestion that the judgment below even if it cannot be wholly sustained for the reasons given by the lower court can be sustained as to defendant Ferd S. Meyer for the reason that he has the benefit of estoppel by judgment. That is, Ferd S. Meyer claims that the Florida state court's decree entered September 25, 1943 in his favor in the suit brought against him by Garvin constitutes a bar to this suit. Our recital of the pleadings and judgment in that Florida case persuades us that that court was concerned with conveyances directly from Sol Meyer to Ferd S. Meyer. No issue was raised in that case—as it is here—whether Sol Meyer contributed property or services to Gosch or Florida Cane Products Corporation in consideration of one or both of them issuing shares or giving other property to Ferd S. Meyer or other relatives and friends of Sol Meyer. Hence the cause of action now at bar is not the same as * * * the Florida cause of action."

For like reason it may not be said that the present cause of action is the same as the Florida cause of action.

It is true, as contended by the appellees, that the doctrine of *res judicata* may extend not only to matters determined in the prior action but also to matters which could properly have been determined there-

in, whether actually brought forward and litigated or not. Wade v. Clower, 94 Fla. 817, 114 So. 548; Hay v. Salisbury, 92 Fla. 446, 109 So. 617; Sauls v. Freeman, 24 Fla. 209, 4 So. 525. This rule, extending conclusiveness to issues which could properly have been determined in the prior action, is necessarily limited to cases involving the same cause of action. That is true *res judicata*. But where the cause of action set up in the latter suit is a different one, the judgment in the first suit is an estoppel only as to particular rights or questions actually litigated and determined in the former suit, or were necessarily involved in the conclusions there reached. This is estoppel by judgment. American Trust Co. v. Butler, 5 Cir., 47 F.2d 482, 483–484; McEwen v. Growers' Loan & Guaranty Co., 116 Fla. 540, 156 So. 527. Here, the two actions certainly rest upon different states of facts and, accordingly, the cause of action asserted in the instant case is not the same as that asserted in the state court. Hay v. Salisbury, supra; Jackson v. Bullock, 62 Fla. 507, 57 So. 355. It follows that the appellees had the burden of showing that the questions here presented were in fact litigated and decided in the prior proceeding. Far from carrying that burden, appellees do not even contend that such questions were determined by the state court. It follows that the judgment of the court below must be and it hereby is reversed.

Reversed and remanded.