164 So.2d 517 (1964)
Joseph BAUM, Appellant,
v.
PINES REALTY, INC., Phillip Kinsey, Roberta Kinsey, James Kinsey, Gulf American Land Corporation, Norman Siegel and Charles Kaufman, as Trustees, Appellees.
Nos. 4115, 4215.
District Court of Appeal of Florida. Second District.
May 6, 1964.
Rehearing Denied June 11, 1964.
Ella Jo Stollberg, Hollywood, for appellant.
Treadwell & Treadwell, Arcadia and Howard R. Hirsch, Miami, for appellees *518 Pines Realty, Inc., Phillip Kinsey, Roberta Kinsey, James Kinsey and Gulf American Land Corporation.
Worley, Gautier & Patterson, Miami, for appellees Norman Siegel and Charles Kaufman, as trustees.
HODGES, JOHN, G., Associate Judge.
When the legal threads entangled in the two cases and three appeals involved in this seemingly complex dispute are unraveled by a narrative unfolding of the significant facts, particularly those bearing upon the apposite pleadings and contentions eventuating in the formal entry of the justiciable portion of the quandary into this court, a relatively simple question is revealed.
The intertwining process of events began in September 1957 when appellees Siegel and Kaufman, who were owners of certain acreage in Lee County, and appellant Baum, appellees Pines Realty and the Kinseys, who were realtors and brokers, entered into an exclusive listing contract to produce a purchaser for the lands of the owners. The brokers, together with a cooperating broker, one Connie Mack, Jr., who was added by agreement, completed their part of the contract and produced a purchaser, but the owners refused to comply. On January 20, 1960, the brokers filed suit number 13580 in the circuit court against the owners to enforce the contract and impress a lien on the property for a total commission of $167,750. The appellant Baum was made a defendant in the cause because he did not believe a suit was necessary at that time. The brokers' complaint affirmatively alleged that Baum, as a broker, also had an interest in the suit, and prayed, among other things, for a decree in favor of the plaintiff brokers and defendant Baum against the defendant owners, fixing and determining an equitable lien upon the lands involved. An exhibit to the complaint named Baum as entitled to 12 1/2% of the commission.
Baum permitted a decree pro confesso to be entered against him and the court entered an opinion and order wherein it found the existence of a valid contract, performance by the brokers and that the defendants Siegel and Kaufman owed the full commission. Based upon the opinion and order, a summary final decree and judgment were entered in favor of the plaintiffs against the defendants Norman Siegel and Charles Kaufman, as trustees, in the sum of $167,750, together with interest thereon at 6% from October 20, 1959. No mention was made of the rights of Joseph Baum, but it was prefatorily recited in the adjudicating portion of the judgment that the decree pro confesso theretofore entered against him was ratified and confirmed. Baum was given no notice of application for any relief different from that sought in the original complaint.
Judgment in the case was appealed, but the appeal was discontinued when Siegel and Kaufman decided to perform the contract by consummating the sale with the purchaser.
Since that time Baum has requested his part of the commission, but he was refused. He, thereupon, brought the instant suit, number 15311, in the same circuit court, against the brokers and the purchaser, Gulf American Land Corporation, appellees herein, for an accounting, declaratory decree and payment of his 12 1/2% share in the brokers' commission of $167,750.
The answers to interrogatories in this proceeding indicate that appellees Siegel and Kaufman had entered into an agreement with the appellee, Gulf American Land Corporation, whereby the latter would pay the appellees Pines Realty, Inc. and the Kinseys a total of $85,000 and would indemnify Siegel and Kaufman from any liability or obligation arising out of the decree and judgment entered in case number 13580, the prior suit. The record further indicates that the broker, Connie Mack, Jr., who was Vice President of Gulf American Land Corporation, conveyed his interest in the judgment to it and that appellees Pines Realty, Inc. and the Kinseys also *519 agreed to assign their interests in the judgment to that corporation. Gulf American satisfied that portion of the judgment which it acquired from Connie Mack, Jr.
After hearing various motions, the lower court entered, on April 8, 1963, a summary decree in favor of the owners, Siegel and Kaufman, and against Baum. Then, on June 14, 1963, another summary decree was entered in favor of the other parties and against Baum. Baum took appeals from both of these summary final decrees and they have been consolidated for purposes of this appeal.
Appellant Baum argues that he cannot be deprived, without notice, of his admitted part of the commission. He contends that since no request was made in the pleadings to eliminate or change his share but that, on the contrary, the prayers were for the enforcement of the commissions of all of the brokers, the final decree and judgment in case number 13580, the original suit, cannot be res judicata as between the brokers. The appellant also asserts that the other brokers and the owners should not be allowed to be unjustly enriched by appropriating to themselves his share of the commission. Finally, the appellant Baum charges that the four brokers and the owners hold his 12 1/2% interest in the commission in trust for him.
The appellees Kaufman and Siegel, the former owners of the property, remind the court of the agreement of the purchaser to save them harmless from the former judgment entered against them and to pay off all commissions in conformity with the final decree and judgment in the original action. They say that all such payments have been made and maintain that they should not even have been made parties to the present action. Having paid the judgment rendered against them, they solicit that they are no longer in any way concerned with the transaction.
The remaining appellees, the other brokers, argue that the court, in case number 13580, the original action brought by them against the owners, had jurisdiction of the parties and the subject matter, that the appellant had been served with summons and had been provided an opportunity to answer but abstained. They urge that the rights and interests of all parties to the suit, including appellant's, in and to the subject matter, were subject to final determination in that action. They further contend that the judgment, in case number 13580, whether proper or erroneous, was conclusive on the parties thereto and res judicata on the claim of appellant Baum asserted in the instant suit. Their conclusion is that the only remedy available to appellant Baum was by way of answer and appeal in the original action and say that the allegations of the complaint in the instant case constitute an attempted collateral attack on a valid judgment by a court of competent jurisdiction, and that, therefore, the lower court should be affirmed.
The appellant Baum holds to the position that res judicata does not apply because the parties and issues are different in the instant case and because his right to a percentage of the commission was not only not questioned but was admitted in the original suit.
While the parties have offered for consideration many allied germane questions, some with lengthy preambles, we believe that they may be compacted into the simple and controlling query as follows:
WAS THE RIGHT OF APPELLANT BAUM TO HIS PORTION OF THE COMMISSION ADJUDICATED AGAINST HIS INTEREST IN THE ORIGINAL SUIT BROUGHT BY THE BROKERS AND, IF NOT, ARE THE APPELLEES SIEGEL AND KAUFMAN LIABLE ALONG WITH THE OTHER APPELLEES FOR ITS PAYMENT?
In their briefs and arguments, the parties have advanced, for the court's reference, numerous citations of authority, many of *520 which are persuasive, none of which is directly in point, the precise question raised by the pertinent facts apparently having made its initial injection into the appellate jurisdiction of Florida in this litigation.
The most important and impelling reference, however, in determining the effect of the original judgment as an estoppel or bar is to the pleadings on which it is based and which clearly disclose the subject matter of the controversy, as well as the language of the judgment itself. 128 A.L.R. Judgment As Res Judicata, Pages 480-482, inclusive, and cases cited therein.
And in determining what was directly decided by a money judgment by default, as well as by any other kind of judgment, the adjudicating part of which is not entirely clear on its face, it is necessary to resort to the plaintiff's pleadings to ascertain those matters without the allegations of which it would not have been possible for plaintiff to obtain judgment by default. Only these matters and no others should be regarded as res judicata. See 77 A.L.R.2d, Anno.: Default Judgment  Res Judicata, § 2, Pages 1417-1419, inclusive.
We think the net result of the cause of action in the original suit, as disclosed by the pleadings, was to determine whether the owners were liable to the brokers for the real estate commission and, if so, the extent of said commission. The appellant Baum's portion of the total judgment, found in favor of the plaintiffs, was not in issue and not litigated, but is to be litigated in a different cause of action in the suit now before us.
In this regard, it is noted that the complaint in the original suit alleged as follows:
"7. Defendant JOSEPH BAUM has an interest in the subject matter of this action and in the relief demanded but has failed, after request so to do, to join herein as plaintiff, in consequence whereof he is made party defendant herein." (Italics ours.)
An exhibit attached to and made a part of the complaint by reference set forth that payment and distribution of the commission should
"* * * be made to the following persons in the following percentages thereof:

Connie Mack, Jr. 50%
Pines Realty, Inc 20%
Joseph Baum 12 ½%
Phillip & Roberta Kinsey 12 ½%
James Kinsey 5%"
(Italics ours.)

The complaint prayed for:
"* * * a decree fixing and determining an equitable lien upon the lands hereinabove described in favor of the plaintiffs and the defendant JOSEPH BAUM against the defendants NORMAN SIEGEL and CHARLES KAUFMAN, as Trustees, securing an indebtedness from said latter-named defendants to plaintiffs and defendant JOSEPH BAUM in the sum of $167,750.00 * * *." (Italics ours.)
The lower court, after reciting that the decree pro confesso theretofore entered against the defendant Joseph Baum was ratified and confirmed, entered judgment:
"* * * in favor of plaintiffs against defendants NORMAN SIEGEL and CHARLES KAUFMAN, as Trustees, in the sum of * * * $167,750.00 together with interest thereon at 6% per annum from October 20, 1959 and costs of this action by plaintiffs incurred." (Italics ours.)
Appellant Baum has alleged in his uncontradicted complaint herein that he repeatedly requested information of what was going on in the case and requested facts concerning settlement of the commissions *521 due. The record discloses that payments on the commission were made after the institution of the instant suit by appellant Baum. We note again that there is nothing in the original complaint or in any of the pleadings or the testimony on which the said summary final decree and judgment were predicated that seeks to contest the interest of appellant Baum in the said commission, or that could be fairly construed to notify him of any attempt to eliminate his interest.
The lower court, in entering its summary final decree in the instant case, number 15311, found as follows:
"2. It affirmatively appears on the face of the First Amended Complaint that the matters therein averred were and are the same matters adjudicated by this Court in the case of PINES REALTY, INC., et al, vs. NORMAN SIEGEL, et al, No. 13580 on the dockets of this Court, (in which the plaintiff in this cause was a party defendant), and that the orders, rulings and decrees in that cause are res judicata of the matters in this cause.

"3. It further affirmatively appears on the face of the First Amended Complaint that the allegations thereof constitute an attempted collateral attack on a judgment heretofore entered by a court of competent jurisdiction against a party to such prior action." (Italics ours.)
We believe the lower court misconstrued the effect of the pleadings and judgment in the original suit and, perhaps, the nature of the instant action brought by appellant Baum.
In our opinion, the original judgment was not res judicata as to Baum's right to his part of the commission, and his action in the suit on appeal is in no wise a collateral attack upon the said judgment but rather is a suit to enforce, explain and prorate the same as applied to him. To hold that the judgment is binding against Baum would be tantamount to permitting plaintiffs in Case No. 13580 to have a judgment on a cause of action not stated in their pleadings. Baum has consistently claimed his part of the commission. No one could in equity maintain that his right was ever litigated.
It is clear that where an action is brought against the defendant who does not answer, a judgment by default is conclusive upon him only in the character in which he is sued. He has a right to assume that the judgment will be limited as against him to the cause of action stated in the plaintiff's pleading. If different relief is sought, notice must be given. See 19 Fla.Jur., Pages 381-82, and cases cited. As to his interest, Baum could have added nothing by way of response to the allegations of the complaint in the original suit.
With respect to the appellees' claim of "res judicata" as a bar to the appellant Baum's cause of action in the second suit, it may be well to review the doctrine with brief illustrative definitions to show its inapplicability to the case involved. The effect of a judgment as "res judicata" appears in at least three aspects. The first aspect is merger by which a judgment for the plaintiff coalesces with his original cause of action so that it is terminated and a cause of action on the judgment takes its place. The second is a bar by which a judgment for the defendant terminates the original cause of action, and the third aspect is collateral estoppel by which questions actually litigated in the action are conclusively determined in subsequent actions in which the same questions arise, even though the causes of actions may be different. The latter effect precludes the litigation of particular facts or issues in another action between the same parties on a different claim or cause of action. It is often referred to, also, as estoppel by judgment. See 77 A.L.R.2d § 1, Page 1416.
*522 The courts are not in agreement as to whether a judgment rendered upon a definite cause of action is res judicata with respect to a defense which might have been asserted in a cause of action upon which the judgment was rendered. Some courts have held the doctrine of res judicata applicable to defenses which were not but could have been raised in a prior action. Other courts, including those in Florida, apply such a rule only where the causes of actions are identical, as enunciated in Peckham v. Family Loan Co. et al., 5 Cir., 196 F.2d 838, hereinafter discussed. No courts, where the causes of actions involved are different, have held a default judgment as res judicata to matters which might have been litigated in the first action except as to those matters or issues common to both actions which were either expressly or by necessary implication adjudged in the first action.
A default judgment has been held to conclusively establish between the parties, so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action and every fact necessary to uphold the default judgment, but such judgment is not conclusive as to any defense or issue which was not raised and is not necessary to uphold the judgment. See Mitchell v. Jones, 172 Cal. App.2d 580, 342 P.2d 503, 77 A.L.R.2d 1404; 76-87 A.L.R.2d Digest, § 79, Pages 478-79. Resolving the issue of appellant Baum's share of the commission was not necessary to uphold the original judgment against the owners.
The language in Hay v. Salisbury, 92 Fla. 446, 109 So. 617, cited by the appellees, indicating that matters which the parties might have litigated in a prior suit are concluded in a subsequent suit under the doctrine of res judicata, which was lifted from Ruling Case Law, is inapplicable here for two reasons. In that case, as the court indicated, there was "a clear call in the complaint for the respondents to answer and put forth any claims" they may have had. They failed to properly defend, so a decree pro confesso was ordered by the court below. The other reason is that the second suit in the Hay case involved the same cause of action as that upon which judgment was entered in the first case.
Since the decision in the Hay case, the Florida Supreme Court has, on at least two occasions, rendered decisions consistent with the opinion herein expressed and, as a matter of fact, has gone further in limiting the effect of res judicata as applied to default judgments. In the case of McEwen et ux. v. Growers' Loan & Guaranty Company, 116 Fla. 540, 156 So. 527, decided in 1934, some eight years after the Hay case, our highest court held that a prior decree was not res judicata in a subsequent suit wherein some but not all of the parties were before the court in previous litigation and that part but not all of the subsequent claim was put in issue in the prior suit but that it constituted estoppel as to all matters actually litigated and determined in the prior suit. The court also pointed out the distinction between the doctrine of estoppel and the doctrine of res judicata. In Bay County v. State, et al., 157 Fla. 47, 24 So.2d 714, 715, and the case of Blanchard et al. v. Stribling et al., 157 Fla. 10, 24 So.2d 713, decided by the Supreme Court in 1946, it was held that a judgment by default only admits, for purpose of the action, the legality of the demand or claim in suit and does not make allegations in the declaration or complaint evidence in an action on a different claim. The court reiterated the language in the McEwen case as follows:
"In all cases, therefore, where it is sought to apply the estoppel of a judgment or decree rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and *523 determined in the original action, not what might have been thus litigated and determined." (Italics ours.)
In the case of Peckham v. Family Loan Co. et al., supra, the plaintiff-appellant, R.E. Peckham, the assignee of an unsatisfied judgment in the amount of some $184,000 against one Sol Meyer, then deceased, brought suit in the Florida federal district court to uncover assets alleged to have been fraudulently transferred by the judgment debtor and to subject them to payment of the judgment. The sole question was whether the plaintiff was estopped by a judgment against his predecessor in a prior suit in a state circuit court wherein the predecessor sued Ferd Meyer individually and as trustee of a family trust.
The complaint in the state circuit court suit alleged that the indebtedness of Sol Meyer had been reduced to judgment, that Sol Meyer had fraudulently transferred certain property to himself and his son, Ferd, as trustee, to defeat the judgment creditor. The prayer was to void the conveyance of property from Sol to him and his son and to have Ferd disclose the nature, value and amount of other property conveyed to him by Sol. The court held for the defendants, dismissing the complaint with prejudice.
The complaint in the action brought in the federal court by Peckham, assignee of the creditors of Myer-Kiser Bank against Family Loan Company, Ferd S. Meyer and others, individually and as trustees, alleged that while Sol was indebted upon the cause of action for which judgment had been recovered, he fraudulently transferred his assets by manipulation and device to the Family Loan Company, in return for the issuance of stocks and debentures by Family Loan to his relatives and associates, who were named defendants.
The district court decided that the plaintiff was estopped by the judgment entered in the state court proceeding and dismissed the cause, with prejudice, after finding that the matter sought to have been litigated should have been litigated in the lower tribunal, the state circuit court. Appeal ensued.
In discussing estoppel by judgment claimed by Ferd Meyer, the United States Court of Appeal, Fifth Circuit, adopted the opinion of the First Circuit in Peckham v. Ronrico Corporation, 171 F.2d 653, 658, involving substantially the same allegations and, with few exceptions, all of the parties, as in Peckham v. Family Loan Co., et al. The opinion of the First Circuit was quoted, in part, as follows, in the Fifth Circuit's decision:
"`Our recital of the pleadings and judgment in that Florida case persuades us that that court was concerned with conveyances directly from Sol Meyer to Ferd S. Meyer. No issue was raised in that case  as it is here  whether Sol Meyer contributed property or services to Gosch or Florida Cane Products Corporation in consideration of one or both of them issuing shares or giving other property to Ferd S. Meyer or other relatives and friends of Sol Meyer. Hence the cause of action now at bar is not the same as * * * the Florida cause of action.'"
The court, referring to the above quotation, further stated:
"For like reason it may not be said that the present cause of action is the same as the Florida cause of action. It is true, as contended by the appellees, that the doctrine of res judicata may extend not only to matters determined in the prior action but also to matters which could properly have been determined therein, whether actually brought forward and litigated or not. Wade v. Clower, 94 Fla. 817, 114 So. 548; Hay v. Salisbury, 92 Fla. 446, 109 So. 617; Sauls v. Freeman, 24 Fla. 209, 4 So. 525. This rule, extending *524 conclusiveness to issues which could properly have been determined in the prior action, is necessarily limited to cases involving the same cause of action. That is true res judicata. But where the cause of action set up in the latter suit is a different one, the judgment in the first suit is an estoppel only as to particular rights or questions actually litigated and determined in the former suit, or were necessarily involved in the conclusions there reached. This is estoppel by judgment. American Trust Co. v. Butler, 5 Cir., 47 F.2d 482, 483-484; McEwen v. Growers' Loan & Guaranty Co., 116 Fla. 540, 156 So. 527. * * * It follows that the appellees had the burden of showing that the questions here presented were in fact litigated and decided in the prior proceeding. Far from carrying that burden, appellees do not even contend that such questions were determined by the state court." (Italics ours.)
In our case, the appellees likewise do not contend that the question of Baum's entitlement to 12 1/2% of the total commission was in fact litigated and determined in the original suit.
Inasmuch as the appellees have unreservedly admitted, on the record, the receipt of the total commission, a portion of which we hold belongs to appellant Baum, they retained his share for his benefit under the constructive trust created by equitable principles under the facts involved. See 26 R.C.L. 1232; Traub v. Traub, Fla. App., 102 So.2d 157; Wadlington v. Edwards, Fla., 92 So.2d 629; 33 Fla.Jur., §§ 61-63. Otherwise, their holding would be against good conscience and would subject them to undue enrichment.
The securing of a covenant from appellee Gulf American Land Corporation by the appellees Siegel and Kaufman, to save them harmless in connection with their agreements for the consummation of the sale of the property, indicates that all of the parties recognized the outstanding claim of appellant Baum. Perhaps, under these agreements, the appellee Gulf American Land Corporation may ultimately be obligated to pay Baum's commission. But we do not now determine the proportion of appellant Baum's share, plus interest, which each appellee holds under the various agreements entered by them relative to the total commission. It is our opinion that a summary judgment should be entered against all of the appellees to pay Baum's portion of the commission and that their respective obligations should be litigated or settled among or between them.
The cause is reversed and remanded.
ALLEN, Acting C.J., and WHITE, J., concur.