273 So.2d 439 (1973)
William R. RUSSELL, Appellant,
v.
A & L DEVELOPMENT, INC., a Florida Corporation, and Bernard Brown, Trustee, Appellees.
No. 72-487.
District Court of Appeal of Florida, Third District.
February 14, 1973.
Rehearing Denied March 13, 1973.
Bolles, Goodwin, Ryskamp & Ware, Miami, for appellant.
William E. Moschell, Miami, Kuvin, Klingensmith & Coon, Coconut Grove, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant Russell, counterclaimant and third party plaintiff below, seeks review of an adverse summary judgment in favor of the appellees Brown (counter-defendant) and A & L Development, Inc., (third party defendant). The main suit was brought by appellee Brown to foreclose a mortgage against A & L and appellant but was dismissed pursuant to stipulation. The counter-claim *440 against appellee Brown charged him with tortious interference with an advantageous contractual relationship. The third party claim against A & L claimed a breach of an oral brokerage commission contract.
Appellant and appellee A & L, Inc. entered into an oral brokerage contract whereby appellant was to procure a ready, willing and able purchaser for an apartment complex owned by A & L. Appellant's commission on the sale was to amount to approximately $81,000. Appellant brought suit against A & L and others in March of 1969 for breach of the contract and contended that he had been the "procuring cause" in producing a buyer for the property. The buyer of the property, Bernard Brown, is an appellee in the instant cause, but was not a party to this prior action. At the time of the first suit the transaction had yet to be completed. Nonetheless, appellant was successful in his action for breach of the contract against A & L, and was also successful in his claim for interference with that advantageous contractual relationship. Appellant was awarded damages on both claims in the amount of $3,750 and final judgment was entered for that amount and costs and the judgment was satisfied. Shortly thereafter, the sale of the property was completed between A & L and the purchaser, appellee Brown, for a price of $1,350,000.00. The instant actions ensued and summary judgment was entered in favor of the appellees based on their claim that the prior action was res judicata of the present actions. We agree with the trial court's determination and accordingly affirm.
It is well established, that parties may not litigate matters actually litigated and determined in earlier actions. Nelson v. Rever, Fla.App. 1972, 264 So.2d 879, and the cases cited therein. It is our opinion that the appellant has had his day in court on the issue of the breach of this contract and the interference therewith. As to the breach itself, the previous action involved the same cause of action against the same party in the same capacity for the same relief. The only difference claimed by appellant is that subsequent events, i.e., the completion of the transaction, would result in his receiving a larger judgment. However, the fact that a different measure of relief is sought does not preclude the application of the prior judgment to estop the maintenance of a second action. If the claim or cause of action is substantially the same in both actions, it is not material that the relief demanded is in some manner different. 19 Fla.Jur., Judgments and Decrees, § 114. The appellant herein has litigated his causes of action and has prevailed. He cannot now be heard to claim that he did not receive the amount of satisfaction that he desired by initiating a new action for the same wrongs. This is true as to both the action against A & L and the action against the appellee Brown. It is true that appellee Brown was not joined in the first action on the claim of interference with the advantageous contractual relationship, but that wrong, and the persons connected therewith, has been litigated and the appellant has received satisfaction therefor. He cannot now attempt to receive a second satisfaction for the same wrong against a different party. Escambia Chemical Corp. v. Industrial-Marine Supply Co., Fla.App. 1970, 238 So.2d 684; Restatement of the Law, Judgments § 95.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is hereby affirmed.
Affirmed.