426 So.2d 1225 (1983)
Anna Mae LORF and Allstate Insurance Company, Appellants,
v.
INDIANA INSURANCE COMPANY As Subrogee of Alco Industries, Inc., Appellee.
No. 82-1201.
District Court of Appeal of Florida, Fourth District.
February 9, 1983.
William A. Donovan of Napier & Donovan, Naples, for appellants.
Richard L. Wassenberg of Ponzoli & Wassenberg, P.A., Miami, for appellee.
BERANEK, Judge.
This appeal involves a three car accident and the multiple suits arising from it. The trial court found that the theory of collateral estoppel was not applicable to bar the action. We disagree and reverse.
After being forced off the road by a van driven by Harry Schneider and owned by Alco Industries, Inc., appellant, Anna Mae Lorf, struck a vehicle driven by Robert *1226 Reese. Both Reese and Fannie Livingston, a passenger in the Lorf vehicle, were injured. The accident having occurred in Collier County, Reese filed suit in that county against Schneider, Alco Industries, Inc., and its insurer, Indiana Insurance Company. These defendants then filed a third party claim against Lorf and her insurer, Allstate Insurance Company, for contribution. The case went to trial before a jury. The court directed a verdict in favor of Lorf finding that she had not been negligent, and Reese recovered a judgment solely against the defendants, Schneider, Alco, and Indiana Insurance Company. After this litigation was concluded, Fannie Livingston made a claim against Schneider, Alco, and Indiana Insurance, which was voluntarily settled by Indiana's payment of $100,000 to Livingston. Indiana Insurance, as subrogee of Alco, then sued Lorf and her carrier, Allstate, for contribution based specifically on Section 768.31, Florida Statutes (1981). Lorf moved for summary judgment on the theory of collateral estoppel but the trial court denied this motion. This issue was again raised during and after trial, but in each instance the court found the theory inapplicable. The issues of Lorf's negligence and Alco's negligence were submitted to the jury which found Lorf 50% at fault. The trial court entered final judgment against Lorf for $50,000 and this appeal resulted.
We view this case as controlled by the doctrine of collateral estoppel and the inconsistent verdicts highlight the exact result which the doctrine is designed to avoid. The essential elements of collateral estoppel are that the parties and issues be identical and that a matter be fully litigated and determined resulting in a final decision of a court of competent jurisdiction. Mobil Oil Corporation v. Shevin, 354 So.2d 372 (Fla. 1977). Parties are then estopped from litigating in a second suit issues which were common to both the first and second causes of action and which actually were adjudicated in the prior litigation. Weigh Less for Life, Inc. v. Barnett Bank of Orange Park, 399 So.2d 88 (Fla. 1st DCA 1981). Here we have a single accident which caused injury to two parties and resulted in two lawsuits. In each suit Alco and Indiana Insurance sued Lorf for contribution. In each suit the negligence of Lorf was the issue. It is noteworthy that the suit in question was specifically brought by Indiana Insurance as subrogee of its insured, Alco. The cause of action was for contribution under Section 768.31, Florida Statutes (1981). Indiana Insurance (Alco) asserted it had been required to pay more than its pro rata share of the common liability to Livingston. This question of pro rata share of common liability was the precise issue litigated between Alco and Lorf in the prior litigation. We hold that the trial court erred in allowing appellees to relitigate this issue. As stated in New River Yachting Center v. Bacchiocchi, 407 So.2d 607, 609 (Fla. 4th DCA 1981), "Once a party has had an opportunity to litigate a matter in an action in a court of competent jurisdiction, he should not be permitted to litigate it again to the harassment and vexation of his opponent."
Accordingly, we reverse and remand with directions to enter judgment for appellants.
REVERSED.
DOWNEY and ANSTEAD, JJ., concur.