GLICKSTEIN, Judge.
We reverse the trial court’s order which denied the motion for rehearing filed by the plaintiffs and the third party defendant, following entry of summary judgment in favor of the defendants/third party plaintiffs.
Joyce Ostendarp is the principal plaintiff in the trial court and an appellant here. She was owner of and a passenger in the car driven by Wanda Huddle when she slowed down (or, according to appellees, made a sudden stop) during rush hour on Interstate 95. Madeline B. Bicking was the driver of a car owned by We Try Harder, Inc. The latter vehicle rear-ended the Os-tendarp vehicle driven by Huddle.
*1100 Huddle was permanently injured in the accident, and, in a prior action sued We Try Harder and Bicking, the defendants/third party plaintiffs in the instant case. The jury verdict in the prior suit found no negligence on the part of Bicking that was the legal cause of injury to Huddle.
Subsequently Ostendarp, owner of the vehicle driven by Huddle and passenger at the time of the rear-end collision, sued Bicking in an automobile negligence action. Bicking then instituted a third party complaint for contribution against Huddle. The trial court granted Bicking’s motion for summary judgment on the third party claim. The court read the jury verdict that Bicking had not negligently caused Huddle’s injury as meaning that Huddle was solely at fault in causing the accident. It concluded that if Bicking and We Try Harder were found liable in the present suit, the court would direct a verdict in the latters’ favor against Huddle for ninety-nine percent of the damages.
Lorf v. Indiana Insurance Company, 426 So.2d 1225, 1226 (Fla. 4th DCA 1983), is inapposite; hence appellees’ reliance upon the doctrine of collateral estoppel, discussed therein, is misplaced. It may be that, had the jury in the first trial here actually found Huddle to have been negligent, appellees would be right. But all that the jury in that trial determined was that with respect to Huddle’s injuries, Bick-ing had not been negligent. To conclude that this necessarily meant the jury had determined that Huddle had been negligent is a logical fallacy. That is not the only possible alternative to Bicking’s being negligent.
ANSTEAD and WALDEN, JJ., concur.
ON MOTION FOR CLARIFICATION
GLICKSTEIN, Judge.
We clarify our opinion by reciting that it was error for the trial court to enter summary judgment because Wanda Huddle’s negligence remained a genuine issue of material fact. On remand the trial court is directed to proceed in a manner consistent with this holding.
ANSTEAD and WALDEN, JJ., concur.