COBB, Judge.
The appellants, James Markel, John Mc-Donough, and Leslie O’Neal, as plaintiffs below, suffered a final dismissal of their complaint based on a finding of res judica-ta. We reverse.
These plaintiffs originally owned interests in a corporation, Trade Engraving Company, Inc., together with the defendants below, Donald Dizney and James English. Dizney and English were directors and officers of the corporation. In 1982, Dizney entered a contract with Markel, Mc-Donough and O’Neal (hereinafter the plaintiffs) to purchase their interests in the corporation. Subsequently, as consideration for this purchase, the corporation issued promissory notes in varying amounts to the three sellers, a transaction ultimately deemed by the trial court (with appellate affirmation) to constitute a novation of the original contractual obligation of Dizney.
The plaintiffs, who signed over their stock in the corporation as provided by their purchase contract with Dizney, were not paid by either Dizney (pursuant to the contract) nor by the corporation (pursuant to the promissory notes). They sued Diz-ney on the contract and the corporation on the notes, but English was not joined as a party in that action. The outcome of the plaintiffs’ action, hereinafter referred to as the 1983 case, was a summary judgment for Dizney on the theory of novation and a judgment against the corporation on the three promissory notes owed to the plaintiffs.
The instant action was initiated in 1986 by the plaintiffs as creditors of the corporation against Dizney and English as officers and directors, alleging breach of fiduciary duty and fraud in one count and negligence in the second count. The complaint contended that Dizney and English disposed of corporate assets that should have been available to the plaintiffs as creditors, secured and unsecured, of the corporation.
Clearly, the instant action is not barred by either res judicata or estoppel by judgment in regard to the defendant English, who was not a party to the 1983 action. See Husky Industries, Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982). In regard to the defendant Dizney, the problem is somewhat more difficult, but the result is the same. The instant complaint alleges that the plaintiffs are judgment creditors of Trade Engraving Company; that the company recognized that the individual plaintiffs were unsecured creditors in various specified amounts based on the promissory notes executed October 11, 1982, and due on October 11, 1983; and that Dizney, as an officer and director of the corporation, made improper and discriminatory payments to himself and English from the funds of the insolvent corporation to the detriment of the plaintiffs, thereby breaching a fiduciary obligation to protect them as creditors of the corporation.
In Gordon v. Gordon, 59 So.2d 40, 44 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952), the Supreme Court of Florida said:
The difference which we consider exists between res adjudicata and estoppel by judgment is that under res adjudicata a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues — that is to say points and questions — common to both causes *1207 of action and which were actually adjudicated in the prior litigation.
Moreover, res judicata extends only to the facts and conditions as they existed at the time the issues in the first action accrued. When other facts or conditions intervene before the second suit, furnishing a new basis for the claims of the respective parties, the issues are no longer the same and the former judgment cannot be asserted to bar the second action. Hialeah Race Course, Inc. v. Gulfstream Park Racing Association, Inc., 245 So.2d 625 (Fla.1971).
The 1983 case between the plaintiffs and Dizney was based upon the latter’s alleged breach of the stock purchase contract, a different cause of action based upon entirely different facts than the current suit which is based upon Dizney’s conveyance of corporate assets, constituting a fraud upon creditors. The fact that was adjudicated between the instant parties (i.e., the plaintiffs and Dizney) in the 1983 case was that Dizney’s contractual obligation had been discharged by novation. That fact is not implicated in the 1986 action. Clearly, the evidentiary matters that were presented, or would have been required to be presented, in the 1983 action against Diz-ney are not “essentially the same” as those required to sustain the instant cause of action. Thus, neither res judicata nor estoppel by judgment can support the dismissal of plaintiffs’ complaint. See also, Youngblood v. Taylor, 89 So.2d 503 (Fla.1956).
REVERSED.
DANIEL, J. and NORRIS, W.A., Jr., Associate Judge, concur.