593 So.2d 524 (1991)
DANIEL INTERNATIONAL CORPORATION, Westinghouse Electric Corporation, and Federal Insurance Company, Appellants/Cross Appellees,
v.
BETTER CONSTRUCTION, INC., Appellee/Cross Appellant.
Nos. 91-1186, 91-1206.
District Court of Appeal of Florida, Third District.
December 31, 1991.
Rehearing Denied March 17, 1992.
*525 Popham, Haik, Schnobrich & Kaufman and R. Benjamin Reid, Miami, Smith, Pachter, McWhorter & D'Ambrosio and Peter M. D'Ambrosio and Krista L. Peterson, Vienna, Va., for appellants/cross-appellees.
Fine Jacobson Schwartz Nash Block & England and Gary S. Brooks and Linda Ann Wells, Miami, for appellee/cross-appellant.
Before BARKDULL, LEVY and GERSTEN, JJ.
PER CURIAM.
This case involves a plaintiff construction company's diminished business value claim against several defendants arising out of a contract for construction of the Miami Avenue station for the downtown people-mover. We reverse the denial of the defendants motions for directed verdict and the adverse final judgment.
In 1981, Dade County contracted with defendant Westinghouse Electric Corporation to design and construct a downtown people-mover system. Defendant Federal Insurance Company supplied Westing-house's performance and payment bonds for the project. Westinghouse hired defendant Daniel International Corporation to oversee construction of the system. Westinghouse then solicited plaintiff Better Construction (a qualified minority business enterprise) to bid on contracts to build electrical power distribution buildings for the people-mover system. Better Construction submitted a bid, was awarded the electrical power distribution buildings contract in December of 1983, and obtained a performance bond from United States Fidelity & Guaranty Company ["USF & G"].
In January of 1984, Better Construction submitted a separate bid for construction *526 of the Miami Avenue station. This bid was conditioned on closing Miami Avenue during construction. Better Construction entered into a contract with Daniel for construction of the Miami Avenue station. Thereafter, Westinghouse decided that it would not permit Miami Avenue to be closed, and insisted that the contract be performed with the street open. In May of 1984, Better Construction agreed to build the Miami Avenue station with the street open. Westinghouse subsequently stopped payments on the electrical power distribution buildings contract contending that the May invoice was submitted late, and notified Better construction's surety on both jobs that Better Construction had defaulted under the contract. Westinghouse eventually did make the payments.
Better Construction filed two separate suits against the defendants. In the first case, which is not the subject of this appeal, Better Construction sought a declaratory decree to invalidate the Miami Avenue station contract. In August of 1984, Westinghouse/Daniel terminated the Miami Avenue Station contract. Better Construction then filed an amended complaint seeking damages for breach of contract, lost future profits, and diminished business value as a result of losing bonding credit caused by the termination. During the trial of that case, Better Construction's president testified that Better had lost its bonding with USF & G as a result of the termination of the Miami Avenue station contract which diminished the value of its business by $2,000,000.00. Westinghouse/Daniel moved for a directed verdict on the diminished business value damages, claiming that Better Construction had failed to produce any competent evidence to support the amount of damages. The motion was granted in favor of Westinghouse/Daniel and the case proceeded to the jury on the remainder of the claims. The jury returned a verdict in favor of Better Construction for its out of pocket expenses. Better Construction appealed and Westinghouse/Daniel cross-appealed. This court affirmed the final judgment. Better Construction Inc. v. Westinghouse Electric Corp., 528 So.2d 31 (Fla. 3d DCA 1988).
The present appeal stems from Better Construction's second suit against the defendants, alleging breach of contract with regard to the dispute over the closing of Miami Avenue and the payment of invoices under the electrical power distribution buildings contract. Better Construction alleged that late payments by the defendants had caused USF & G to cancel Better's bonding, resulting in diminished future lost profits and diminished business value. Once again, Better's president testified at trial that Better suffered an estimated $2,000,000.00 in diminished business value, and stated that Better's loss of bonding and resulting diminished business value was solely caused by the Miami Avenue station contract breach. The defendants moved for a directed verdict on which the trial court reserved judgment. The jury returned a verdict in favor of Better for $2,000,000.00 on the diminished business value claim. Westinghouse, Daniel, and Federal filed motions for judgment NOV, renewed motions for directed verdict, and motions for mistrial or new trial. These motions were denied as to Westinghouse and Daniel, but granted as to Federal. Westinghouse and Daniel appeal the denial of these motions.
We agree with the defendants that Better's claim for future lost profits and lost business value is barred by the principle of collateral estoppel. The principle of collateral estoppel applies where two lawsuits involve the same parties, but each lawsuit alleges two causes of action which are different. Gordon v. Gordon, 59 So.2d 40 (Fla. 1952) cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952); Markel v. Dizney, 534 So.2d 1205 (Fla. 5th DCA 1988); Lorf v. Indiana Ins. Co., 426 So.2d 1225 (Fla. 4th DCA 1983). The parties in the second suit will be estopped from relitigating those issues common to both actions which were previously litigated and determined in the first suit. Gordon v. Gordon, 59 So.2d at 44; Markel v. Dizney, 534 So.2d at 1206; Allstate Insurance Co. v. A.D.H., Inc., 397 So.2d 928 (Fla. 3d DCA 1981); Lorf v. Indiana Ins. Co., 426 So.2d at 1225; Russell v. A & L Development, *527 Inc., 273 So.2d 439 (Fla. 3d DCA 1973). As stated by the Florida Supreme Court in Mobil Oil Corporation v. Shevin, 354 So.2d 372, 374 (Fla. 1978) (footnotes omitted):
Collateral estoppel, or estoppel by judgment, is a judicial doctrine which in general terms prevents identical parties from relitigating issues that have previously been decided between them. The essential elements of the doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction.
The adjudication of Better's lost profits and diminished business value claim in the prior case, which was based upon the loss of bonding, estops Better from relitigating this same claim in the present case. "Once a party has had an opportunity to litigate a matter in an action in a court of competent jurisdiction, he should not be permitted to litigate it again to the harassment and vexation of his opponent." New River Yachting Center v. Bacchiocchi, 407 So.2d 607, 609 (Fla. 4th DCA 1981).
We note further that reversal is also required because Better failed to present competent and substantial evidence that cancellation of its bonding was caused by the late contract payments, or that the lost bonding was the cause of Better's claimed $2,000,000.00 in diminished business value. See W.W. Leay Mechanical Contractor, Inc. v. Wharfside Two, Ltd., 545 So.2d 1348, 1351 (1989) (a party claiming loss of prospective profits "must prove ... the defendant's action caused the damage and [there must be] some standard by which the amount of damages may be adequately determined"); Welbilt Corporation v. All State Distributing Co., Inc., 199 So.2d 127 (Fla. 3d DCA 1967) (plaintiff must prove amount of actual loss to recover lost profits).
In light of our findings above, it is not necessary to discuss or decide Better's arguments regarding the post-trial orders denying prejudgment interest and attorney's fees, and granting Federal's motion for judgment notwithstanding the verdict. These issues are now moot.
Reversed.