PER CURIAM.
This cause is before us on appeal from a final judgment entered in favor of Monsanto Company Employee Benefits Plans Committee after an order dismissing appellant’s complaint. The order dismissing the complaint states in pertinent part:
IT IS ORDERED and ADJUDGED:
1. Monsanto’s motion to strike the claim for punitive damages is granted.
2. Monsanto’s motion to strike the claim for mental anguish is granted.
3. Monsanto’s motion to dismiss the complaint for failure to state a cause of action is granted.
4. Monsanto’s motion to dismiss the complaint, with prejudice, on the basis of res judicata and collateral estoppel is granted with prejudice.
Appellant contends that (1) the trial court erred in granting the motion to dismiss for failure to state a cause of action, and (2) the trial court erred in granting the motion to dismiss on the basis of res judicata and collateral estoppel. We affirm without discussion the trial court’s order dismissing the complaint for failure to state a cause of action. However, we must reverse the trial court’s order dismissing the complaint on res judicata and collateral estoppel grounds. See Pfeiffer v. Roux Laboratories, Inc., 547 So.2d 1271 (Fla. 1st DCA 1989), and Daniel International Corporation v. Better Construction, Inc., 593 So.2d 524 (Fla. 3d DCA 1991).
Accordingly, the order is affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
BOOTH, SHIVERS and MINER, JJ„ concur.