MAY, J.
Taxability of gasoline purchased outside of Indian lands is the issue in this appeal. The Department of Revenue appeals a final summary judgment for the Seminole Tribe of Florida, declaring motor fuel taxes imposed on the Tribe for purchases of fuel off the reservations and trust lands, but used on tribal lands, invalid and directing the State to refund those taxes. It argues the trial court erred as a matter of law in ruling against the Department of Revenue. We agree and reverse.
The Seminole Tribe filed a two-count complaint against the Florida Department of Revenue [DOR]. Count I sought ■ a refund of sales and excise taxes paid between January 1, 2004, and February 28, 2006, for fuel purchased off the reservations and tribal lands, but used for the performance of the Tribe’s functions as a sovereign government, pursuant to sections 206.41 and 212.08(6), Florida Statutes (2004).[1] The second count sought a declaration that the Tribe was exempt under sections 206.41(4)(d) and 212.08(6), Florida Statutes (2004).
The DOR filed an answer, affirmative defenses, and a motion to strike the jury trial demand. In its affirmative defenses, the DOR alleged: (1) the trial court lacked jurisdiction for declaratory relief because there was no bona fide claim; (2) the complaint failed to state a cause of action because section 206.41(4)(d) only applied to counties and municipalities; and (3) venue was improper because the DOR had not waived its home venue privilege. The trial court denied the motion to strike the demand for jury trial.
The Tribe moved for summary judgment and attached an affidavit attesting to the amounts of money spent in payment of these taxes for fuel purchased off the reservations and tribal lands, but used for the transport of persons and cargo on the reservations and tribal lands. The DOR also filed a motion for final summary judgment and a motion to strike the affidavit.
The DOR took the deposition of the affiant, who testified that the documents concerning the Tribe’s fuel purchases revealed only where the purchases were made. The Tribe had no logs to show when the purchases were made or when and where the vehicles were used. The affiant had no personal knowledge of where the gasoline was used. For example, he could not explain why fuel was purchased in Alachua County, where the Tribe owned no lands.
The DOR representative attested that the DOR had consistently allowed for refunds of excise taxes for fuel purchased on reservations or tribal lands, regardless of where the vehicles were driven. The DOR had never allowed for refunds of excise taxes when the fuel was purchased outside of tribal land. The DOR had administered chapter 206 in this manner for over thirty years.
*1096 The trial court denied the DOR’s motion to strike the Tribe’s affidavit, granted the Tribe’s motion for summary judgment, and denied the DOR’s motion for summary judgment. In its order and final judgment, the trial court found that it had jurisdiction, pursuant to section 72.011(1)(a), Florida Statutes (2004). It further found that the Indian Commerce Clause of the United States Constitution prohibited the State of Florida from taxing any fuel used or consumed by the Tribe on its reservations or tribal lands. The court also found that the motor fuel taxes were excise taxes imposed for the use or consumption of the fuel, not sales taxes. The court ordered the refund of monies paid by the Tribe.
The standard of review for summary judgments is de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
The DOR argues that the United States Supreme Court has consistently held that off-reservation sales are taxable and that section 206.01(24)[2] defines “use” as the placing of fuel in the tank. The Tribe responds that the State’s limited ability to tax tribal members is based on the Indian Commerce Clause of the United States Constitution. Art. I, § 8, Cl. 3, U.S. Const. The Tribe contends that State taxation on the use or consumption of property by tribal members on the reservation is prohibited unless authority is conferred upon the State by an Act of Congress. McClanahan v. State Tax Comm’n of Ariz., 411 U.S. 164, 170-71, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973). And, Congress has not authorized the State of Florida, or any state, to tax fuel used or consumed by tribal members on their own land.
The Court has rendered numerous decisions on taxation issues concerning Indian Tribes, but not one addresses the specific issue now before this Court. See, e.g., Moe v. Confederated Salish & Kootenai Tribes of the Flathead Reservation, 425 U.S. 463, 96 S.Ct. 1634, 48 L.Ed.2d 96 (1976) (upholding taxes on cigarette sales to non-Indians on tribal lands, but disallowing personal property tax on motor vehicles owned by tribal members who resided on the reservation); McClanahan, 411 U.S. at 179-81, 93 S.Ct. 1257 (striking down personal income tax on tribal members derived solely from reservation sources); Okla. Tax Comm’n v. Chickasaw Nation, 515 U.S. 450, 467, 115 S.Ct. 2214, 132 L.Ed.2d 400 (1995) (holding that the state may not impose motor fuels tax to fuel sold by Tribe on tribal lands, but may impose income tax on tribal members who work for the Tribe, but reside outside of tribal lands). In analyzing taxation issues, the Court first looks at whether the “legal incidence” of the state tax is assessed against tribal members for activities conducted or property used on tribal lands. Chickasaw Nation, 515 U.S. at 458-59, 115 S.Ct. 2214.
In Colville, the Court explored the constitutionality of motor vehicle, mobile home, camper, and travel trailer taxes. Washington v. Confederated Tribes of Colville Indian Reservation, 447 U.S. 134, 142-43, 100 S.Ct. 2069, 65 L.Ed.2d 10 (1980). The Court considered those taxes as excise taxes because they applied to the privilege of using the vehicle in the State. Id. at 162, 100 S.Ct. 2069. The Court distinguished an excise tax, a tax on the use[3] or consumption of property, from a *1097 personal property tax, which is levied on the Motor vehicle owner on the first day of each year. Id. at 163, 100 S.Ct. 2069.
The Court held the State could not levy a tax upon the use of Indian-owned vehicles on tribal lands. Id. at 163-64, 100 S.Ct. 2069. The Court suggested, however, that if the State had tailored its tax to the amount of actual off-reservation use, the outcome might have been different. Id. The Tribe uses Colville to support its position that the DOR cannot impose the tax in this case because the fuel is used on tribal lands.
We find Wagnon v. Prairie Band Potawatomi Nation, 546 U.S. 95, 126 S.Ct. 676, 163 L.Ed.2d 429 (2005), the most useful case. There, the Court upheld a motor fuel tax imposed on non-Indian distributors, who received fuel off the reservation, but delivered it to a gas station owned and operated by the Nation and located on tribal lands. The Nation sought declaratory and injunctive relief from the collection of the tax from those distributors.
The Court first determined that the legal incidence of the tax fell on the non-Indian distributor because the tax was levied on the amount of fuel received by the distributor. Id. at 105-06, 126 S.Ct. 676. The fact that the fuel was ultimately sold, used, or consumed on tribal lands, as the Nation argued, did not change the entity upon whom the legal incidence fell. Id. at 108-10, 126 S.Ct. 676.
The Court then discussed whether the interest-balancing test should be applied to an off-reservation transaction. Id. at 110, 126 S.Ct. 676. It noted that off-reservation taxation had been upheld without applying the interest-balancing test. Id. at 112-13, 126 S.Ct. 676; see, e.g., Mescalero Apache Tribe v. Jones, 411 U.S. 145, 93 S.Ct. 1267, 36 L.Ed.2d 114 (1973) (permitting the taxation of receipts from an off-reservation, Indian-owned ski resort); Chickasaw Nation, 515 U.S. at 467, 115 S.Ct. 2214 (allowing the taxation of income earned by Indians on reservation but living off reservation). The Court “concluded that ‘[a]bsent express federal law to the contrary, Indians going beyond reservation boundaries have generally been held subject to nondiscriminatory state law otherwise applicable to all citizens of the State.’” Wagnon, 546 U.S. at 113, 126 S.Ct. 676 (quoting Mescalero Apache Tribe, 411 U.S. at 148-49, 93 S.Ct. 1267).
Here, while the legal incidence of the tax falls on the purchaser — the Tribe— the tax is levied on off-reservation purchases. Off-reservation transactions, even by tribal members, are susceptible of taxation without running afoul of the Indian Commerce Clause. Wagnon, 546 U.S. at 115, 126 S.Ct. 676; Mescalero Apache Tribe, 411 U.S. at 148-49, 93 S.Ct. 1267; Chickasaw Nation, 515 U.S. at 464, 115 S.Ct. 2214. We find the off-reservation purchase is taxable notwithstanding that the legal incidence of the tax falls on a tribal purchaser. As DOR argues, it would be impossible to track the use of the fuel on and off the tribal lands. The Tribe reaps the benefit of untaxed fuel when it is purchased on tribal lands even if the fuel is used off of tribal lands.[4] Common sense suggests that the tax should correspondingly be imposed if the fuel is purchased off the reservation regardless of where it is consumed.
Based on our holding, the second issue concerning the Tribe’s supporting affidavit becomes moot. We therefore reverse and *1098 remand the case for entry of summary judgment for the Department of Revenue.

Reversed and Remanded.

WARNER and TAYLOR, JJ., concur.

. Section 206.41 provides for the imposition of taxes on motor fuel and for refunds in certain instances. Section 212.08(6) provides for exemptions from taxation.

. Section 206.01(24), Florida Statutes (2004), defines "use” as "the placing of motor or diesel fuel into any receptacle on a motor vehicle from which fuel is supplied for the propulsion thereof."

. The Court also addressed cigarette taxes, but that analysis does not assist in resolving the instant issue. Colville, 447 U.S. at 152, 100 S.Ct. 2069.

. The DOR representative attested that fuel purchased on tribal lands is not taxed even though it may be used outside of tribal lands.