DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WASHINGTON A. SENA,**
Appellant,

v.

**CARLOS PEREIRA,**
Appellee.

No. 4D14-2790

[November 12, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol-Lisa Phillips, Judge; L.T. Case No. 13-21957 (25).

Loretta Bangor of the Law Office of Loretta Bangor, Lake Worth, for appellant.

Howard W. Poznanski, Boca Raton, for appellee.

CIKLIN, C.J.

Washington A. Sena appeals the summary final judgment entered against him which the trial court based, among other defenses, on res judicata. We find that the court erred in granting summary judgment, but only as to Sena's underlying claim for unjust enrichment.

This appeal arises out of a dispute over real property. Carlos Pereira ("the landlord") owned the property, which Sena ("the tenant") rented pursuant to a written lease. The parties entered into an accompanying agreement, the "Contract for Option." which provided terms under which the tenant could exercise an option to purchase the property.

After the written lease expired in June 2011, the landlord brought a suit to evict the tenant and for damages. He alleged that the tenant was a holdover tenant, had failed to pay the double rent required by statute or the increased rent the landlord had requested, and that the landlord had terminated the month-to-month tenancy by sending written notice to the tenant.

Among his affirmative defenses, the tenant alleged that the landlord's actions constituted a breach of "the Contract for Option, which was an

essential part of the lease transaction between the parties." The tenant further asserted the following:

> The Contract for Option between [the landlord] and [the tenant][ ] allows for [the tenant] to purchase the subject property on or before June 1, 2015, provided that [the tenant] was in lawful possession of the property on the date [the tenant] elected to execute the option. [The landlord's] letter date[d] December 13, 2013, is ineffective to terminate the Option, pursuant to the terms thereof.

The trial court entered judgment in favor of the landlord. The judgment did not address the tenant's affirmative defenses, but the tenant did not appeal. Instead, he filed a complaint seeking specific performance of the option contract, and also alleged counts for fraudulent inducement and unjust enrichment.

After the pleadings closed in the tenant's suit, the landlord moved for summary judgment, arguing that the judgment in the eviction proceedings barred the tenant's action. The trial court agreed with the landlord and entered summary judgment in his favor. Aside from basing summary judgment on a finding that res judicata barred the tenant's claims, the court also accepted other arguments made by the landlord in support of his motion for summary judgment.

Summary judgment may be granted based on the doctrine of res judicata. *See Zikofsky v. Mktg. 10, Inc.*, 904 So. 2d 520, 523 (Fla. 4th DCA 2005).

> To successfully invoke a res judicata defense, a party must satisfy two prerequisites. First, a judgment on the merits must have been rendered in a former suit. Second, four identities must exist between the former suit and the suit in which res judicata is to be applied: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the actions; and 4) identity of the quality or capacity of the persons for or against whom the claim is made. . . .

*Id.* (citations and internal quotation marks omitted). Identity of the causes of action is established where the facts necessary to support both causes are identical. *Gold v. Bankier*, 840 So. 2d 395, 397 (Fla. 4th DCA 2003) (citation omitted). However:

> The supreme court has also applied a transactional test in res judicata cases. Under this second test, there is an identity of

the cause of action not only as to every question which was decided in an earlier lawsuit, but "also as to every other matter which the parties might have litigated and had determined, within the issues as [framed] by the pleadings or as incident to or essentially connected with the subject matter" of the first litigation.

*Tyson v. Viacom, Inc.*, 890 So. 2d 1205, 1214 (Fla. 4th DCA 2005) (Gross, J., concurring specially) (alteration in original) (quoting *Hay v. Salisbury*, 109 So. 617, 621 (Fla. 1926)). For example, if the allegations in the second suit would have precluded entitlement to the relief requested in the first suit, res judicata bars the second suit. *See Hay*, 109 So. at 621 (finding that res judicata barred the second suit where "[t]he same facts that would entitle the complainant in the present suit to have the respondent specifically perform the alleged verbal agreement or contract to convey the property in controversy would have prevented the complainant in the former suit from having his title cleared as against the rights claimed under the agreement").

We find that the specific performance claim is barred by the eviction judgment. The tenant alleged in the second suit that the option contract was an "essential part of the lease transaction." Indeed, if the tenant had fulfilled the requirements of the option contract, eviction would not have been possible. As such, the tenant should have brought his specific performance claim in the eviction proceedings as the eviction and the specific performance of the option contract were "essentially connected." *See id.*

We also find the fraudulent inducement claim is barred. "The elements of a claim for fraudulent inducement are: (1) a false statement of material fact; (2) the maker of the false statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance; and (4) the other party justifiably relied on the false statement to its detriment." *Prieto v. Smook, Inc.*, 97 So. 3d 916, 917 (Fla. 4th DCA 2012) (citation and internal quotation marks omitted). Although the eviction suit involved a lease, it was not an action on a contract. The eviction suit was based on what transpired after the lease expired. If the eviction suit had been an action on the lease, the fraudulent inducement claim would have been barred by res judicata for the simple reason that the validity of the lease was determined in the first suit. *See Zikofsky*, 904 So. 2d at 524 ("[I]n a suit on a contract, the failure of a defendant to raise a fraudulent inducement defense will bar the defendant from later raising the defense in a second action on the same contract or from making fraudulent inducement 'the basis of a subsequent suit by the defendant' against the plaintiff." (citation omitted)).

3

However, as with the specific performance claim, we find that the fraudulent inducement claim, as pled, meets the transactional test as it is essentially related to the eviction claim. The essence of the fraudulent inducement claim is that the landlord promised the tenant the opportunity to purchase the property when he knew he would never honor the agreement, and that the tenant made lease and option contract payments and improvements to the property based on the false representations. The tenant also alleged that he attempted to exercise the option while he was in legal possession of the property but the landlord ignored his requests. These allegations, if accepted as true by the factfinder, would have precluded a judgment in the landlord's favor in the eviction proceeding.

With respect to the claim for unjust enrichment, we find the trial court erred in entering summary judgment. At first glance, the unjust enrichment claim appears to be essentially connected to the eviction proceedings, as the tenant alleged he made rent and option payments that were not applied toward the option contract, which he alleged was an essential part of the lease transaction. However, he also alleged that he made tens of thousands of dollars' worth of improvements to the property during his tenancy. Even if the tenant did not comply with the requirements of the option contract, he could still make out a claim for unjust enrichment based on the enhancements to the property. Further, summary judgment was inappropriate where the record was not clear that these improvements were part of the lease and related option contract.

We also find the trial court erred in basing summary judgment on other grounds. The court relied in part on a finding that the tenant could not exercise the option contract after the lease expired because, by the terms of the option contract, he had to be in legal possession of the property. The option contract provided for exercise of the option up until June 1, 2015, years after the lease expired, so long as the tenant was in "legal possession" of the property. "Legal possession" is not defined in the Contract for Option and there is no indication a written lease was required. Thus, expiration of the written lease, standing alone, did not establish that the tenant was not in "legal possession" of the property at the time he asserts he attempted to exercise the option contract.

The court also based summary judgment on a finding that the option contract was merely an "agreement to agree," because it referenced another agreement which was never produced and thus must not have existed. The language of the option contract, however, did not indicate that the parties had yet to come to the second agreement. A missing part of an agreement may be grounds for dismissal of a cause of action based on the agreement, but it does not transform a contract into an "agreement to agree."

4

With regard to the unjust enrichment claim, the court noted that the tenant did not allege certain prerequisites necessary under the terms of the option contract for a refund of option payments. While this was true, the tenant did allege that he spent about $28,000 on renovations and it is not apparent that these improvements were regarded as payments under the option contract. Thus, the trial court erred in basing summary judgment on this reasoning.

The tenant also appeals the attorney's fees order, which was based on a finding that the tenant's claims were frivolous. *See* § 57.105(1), Florida Statutes (2013). Although we affirm the summary judgment as to two of the tenant's claims, we find these claims were not "so devoid of merit both on the facts and the law as to be completely untenable." *Wapnick v. Veterans Council of Indian River Cnty., Inc.*, 123 So. 3d 622, 624 (Fla. 4th DCA 2013) (citation omitted). We also note that the trial court failed to hold an evidentiary hearing and make the required finding of an absence of good faith. *See Santini v. Cleveland Clinic Fla.*, 65 So. 3d 22, 36 (Fla. 4th DCA 2011).

In conclusion, we affirm the summary judgment on the claims for specific performance and fraudulent inducement and reverse the summary judgment on the claim for unjust enrichment. Finally, we reverse the attorney's fees order.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

TAYLOR and CONNER, JJ., concur.

*　　　*　　　*

***Not final until disposition of timely filed motion for rehearing.***

5