IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SEMINOLE TRIBE OF FLORIDA, A FEDERALLY RECOGNIZED INDIAN TRIBE,

Appellant,

v.

STATE OF FLORIDA, DEPARTMENT OF REVENUE,

Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D16-565

_____/

Opinion filed November 9, 2016.

An appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

Glen A. Stankee of Akerman, LLP, Fort Lauderdale; Kristen M. Fiore of Akerman LLP, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General; J. Clifton Cox, Special Counsel; Jonathan L. Williams, Deputy Solicitor General; and Timothy E. Dennis, Assistant Attorney General, Tallahassee, for Appellee.


ROBERTS, C.J.

    This appeal challenges an order from the Second Judicial Circuit Court in and

for Leon County dismissing a complaint on res judicata grounds filed by the

Seminole Tribe of Florida (the Tribe). We find that the Leon County Circuit Court properly dismissed the complaint and affirm.

This appeal stems from a declaratory judgment action filed by the Tribe against the Department of Revenue (the Department) that also sought a fuel tax refund of motor fuel taxes for the period of June 7, 2009, through March 31, 2012, on the grounds the fuel tax, as applied to the Tribe, for fuel it uses on tribal lands for governmental purposes violates federal law. The Leon County Circuit Court found the Tribe had previously sought a declaratory judgment and a fuel tax refund against the Department in the Seventeenth Judicial Circuit in and for Broward County and that decision was appealed to the Fourth District Court of Appeal. See Fla. Dep't of Revenue v. Seminole Tribe of Fla., 65 So. 3d 1094 (Fla. 4th DCA 2011). The Fourth DCA reversed and remanded the case to the Broward County Circuit Court to enter summary judgment in favor of the Department, finding off-reservation purchases taxable even though the legal incidence of the tax falls on a tribal purchaser. Id. at 1097-98. The Tribe sought review by the Florida Supreme Court, and it declined to accept jurisdiction. Seminole Tribe of Fla. v. Fla. Dep't of Revenue, 86 So. 3d 1114 (Fla. 2012). Based upon this prior litigation, the Leon County Circuit Court found the Tribe was attempting to collaterally attack the Fourth DCA's decision and dismissed the underlying case with prejudice.

2

The standard of review of an order dismissing a cause of action is de novo because the question of whether a complaint should be dismissed is a question of law. Genesis Ministries, Inc. v. Brown, 186 So. 3d 1074, 1076 (Fla. 1st DCA 2016). "Typically affirmative defenses, like *res judicata* in this case, cannot be properly considered on a motion to dismiss." May v. Salter, 139 So. 3d 375, 376 (Fla. 1st DCA 2014). However, there is an exception to the rule when the prior litigation is plain from the face of the complaint and the party properly requests the court to take judicial notice of prior proceedings. See Livingston v. Spires, 481 So. 2d 87, 88 (Fla. 1st DCA 1986).

The Tribe had mentioned the prior case history between the parties in its complaint filed with the Leon County Circuit Court and did not oppose the Department's motion for judicial notice. The trial court properly considered the Department's res judicata argument in its motion to dismiss.

"The doctrine of res judicata makes a judgment on the merits conclusive 'not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.'" AMEC Civil, LLC v. State, Dep't of Transp. 41 So. 3d 235, 238-39 (Fla. 1st DCA 2010) (quoting Zamora v. Fla. Alt. Univ. Bd. of Trs., 969 So. 2d 1108, 1112 (Fla. 4th DCA 2007) (quoting Kimbrell v. Paige, 448 So. 2d 1009, 1012 (Fla. 1984)). Res judicata bars subsequent litigation when there has been a

prior judgment on the merits and the following identities are present in the prior and current litigation: (1) identity of the thing being sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality or capacity of the persons for or against whom that claim is made. <u>Sena v. Pereira</u>, 179 So. 3d 433, 435 (Fla. 4th DCA 2015). Neither party contests the presence of the identity of the parties nor the identity of the quality or capacity of the persons for or against whom that claim is made. The Tribe contests the presence of the identity of the thing being sued for and the identity of the cause of action.

With respect to the identity of the thing being sued for, the Tribe sought a declaratory judgment in the underlying cause of action and in the Broward County Circuit Court. In both cases, it requested the trial court to find that it cannot be taxed for fuel it purchases off-reservation and uses on-reservation for governmental purposes. Therefore, the identity of the thing being sued for is present.

To find the identity of the cause of action, the facts to support both causes of action must be identical. <u>Id.</u> However, under the transactional theory, the identity of the cause of action is extended to "every other matter which the parties might have litigated and had determined, within the issues as framed by the pleadings or as incident to or essentially connected with the subject matter of the first litigation." <u>AMEC</u>, 41 So. 3d at 239 (citation omitted).

4

All of the claims the Tribe sought in the underlying cause of action are essentially connected to the subject matter of the first litigation. The Tribe sought a ruling that the Department could not collect fuel tax on fuel it purchased off-reservation that is used on-reservation for government purposes. The Tribe could have brought the additional claims that it now seeks to add against the Department in order to bar the Department from collecting the fuel tax, but it chose not to raise those claims in the first cause of action. The facts that were present between these two parties at the time the Tribe filed a complaint in Broward County Circuit Court are the same facts that were present in the underlying cause of action. The statutes germane to this issue have not changed. Additionally, we find no merit in the Tribe's argument that different tax periods can never be the same cause of action. This Court has previously found that different time periods do not bar res judicata when the question to the court is the same as one that was previously decided. Urban v. Morris Drywall Spray Textures, 634 So. 2d 718, 720 (Fla. 1st DCA 1994).

AFFIRMED.

WINOKUR, J., and CLARK, JR., BRANTLEY S., ASSOCIATE JUDGE, CONCUR.

5