# Third District Court of Appeal

## State of Florida

Opinion filed May 18, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-615
Lower Tribunal No. 20-24 SP
_____

**Claims Holding Group, LLC,**
Appellant,

vs.

**AT&T Mobility, LLC,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Lody Jean, Judge.

Douglas H. Stein, P.A., and Douglas H. Stein; Beighley, Myrick, Udell & Lynne, P.A., and Maury L. Udell, for appellant.

Gunster, and Angel A. Cortiñas and Jonathan H. Kaskel, for appellee.

Before EMAS, SCALES and GORDO, JJ.

SCALES, J.

Appellant Claims Holding Group, LLC ("Claims Holding"), the plaintiff below, appeals the trial court's final summary judgment entered in favor of appellee AT&T Mobility ("AT&T"), the defendant below, as well as the trial court's order denying Claims Holding's motion for rehearing. We affirm because the trial court correctly concluded that res judicata precluded Claims Holding from asserting its claims against AT&T.

## I. Relevant Background

In June 2019, a principal of Claims Holding, Adam Beighley, sued AT&T in the small claims division of the county court of Miami-Dade County, asserting that AT&T's charging Beighley a monthly $1.99 administrative fee both violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") and constituted a breach of Beighley's wireless phone contract with AT&T. In October 2019, the parties settled Beighley's claims. As part of the settlement, Beighley dismissed his lawsuit against AT&T, with prejudice. Notwithstanding the settlement, AT&T continued to charge Beighley the monthly administrative fee.

About three months after dismissing his lawsuit, Beighley, in January 2020, assigned to Claims Holding "any and all legal claims and/or choses-

in-action" that Beighley had against AT&T.[1] Claims Holding then brought the instant lawsuit against AT&T in the small claims division of county court. As Beighley's lawsuit had also alleged, Claims Holding's lawsuit alleged that AT&T's administrative fee violated FDUTPA and constituted a breach of AT&T's wireless phone contract. Claims Holding also included an unjust enrichment claim against AT&T.

AT&T moved for summary judgment on two grounds: (1) by application of the doctrine of res judicata, Beighley's dismissal, with prejudice, of his lawsuit precluded Claims Holding's claims; and (2) any claim that Beighley had against AT&T arising out of the administrative fee was akin to a personal tort that is not assignable. In a detailed final summary judgment order, the trial court found for AT&T on both grounds; and, in another detailed order, the trial court denied Claims Holding's motion for rehearing. Claims Holding timely appealed both orders.

## II. Analysis[2]

---

[1] The assignment specifically referenced AT&T's "imposition of improper administrative fees on my account" as well as an alleged "data throttling."

[2] We review *de novo* a final summary judgment. Nat'l Collegiate Student Loan Tr. 2007-3 v. De Leon, 281 So. 3d 565, 567 n.2 (Fla. 3d DCA 2019) ("A trial court's ruling that res judicata precludes a subsequent lawsuit is a legal determination that we review *de novo*.").

While the trial court's final summary judgment was based on both grounds argued by AT&T, we find the trial court's res judicata determination dispositive and express no opinion on whether Beighley's claims were assignable. The doctrine of res judicata prevents the re-litigation of a claim that was brought or could have been brought in prior litigation. Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001). For res judicata to apply, four identities must exist between the former suit and the suit in which res judicata is to be applied: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the persons for or against whom the claim is made." Pearce v. Sandler, 219 So. 3d 961, 966 (Fla. 3d DCA 2017) (quoting Tyson v. Viacom, Inc., 890 So. 2d 1205, 1209 (Fla. 4th DCA 2005) (en banc)).

The issue in this case is whether "the thing being sued for" in Claims Holding's case was the same thing Beighley sued for in his lawsuit, thereby implicating the first of the four identities of the res judicata test. Claims Holding asserts that Beighley's suit sought damages incurred *before* Beighley dismissed his suit, while its claim seeks those separate and distinct damages incurred *after* Beighley dismissed his suit. Conversely, AT&T

4

argues that, irrespective of when the damages were incurred, both claims are identical because they both derive from exactly the same alleged misconduct: AT&T's imposition of its monthly administrative fee.

We agree with AT&T that, for res judicata purposes, in determining whether both litigations involve "the thing being sued for," the proper inquiry focuses on the defendant's conduct, rather than the plaintiff's damages. As the trial court pointed out in its order denying Claims Holding's rehearing motion, neither suit was premised on recovery of specific payments made to AT&T by the respective plaintiffs; rather, both suits were premised on the theory that AT&T imposed a "bogus" administrative fee.

Our determination in this regard is supported by this Court's decision in Russell v. A & L Development, Inc., 273 So. 2d 439 (Fla. 3d DCA 1973), and by our sister Court's more recent decision in Seminole Tribe of Florida v. State Department of Revenue, 202 So. 3d 971 (Fla. 1st DCA 2016). Russell held that when a claim is the same in both actions, but plaintiff seeks different relief in the second action, res judicata bars the second action. Russell, 273 So. 2d at 440. Seminole Tribe held, in part, that a second action, in which a claim for damages arises from a later time period, is barred by res judicata when the substantive issue before the two courts is the same in both cases. Seminole Tribe, 202 So. 3d at 973. In both of these cases, the

appellate court, when determining whether "the thing being sued for" was identical to that of the prior litigation, looked to whether the substantive issue of the claim, rather than the relief sought by the claimant, was the same.

In conducting this inquiry, we have little difficulty determining that the substantive issue underpinning both Beighley's claim and Claims Holding's claim is identical. Both cases assert that AT&T's misconduct consisted of AT&T's imposition of the monthly administrative fee. Therefore, notwithstanding the different time periods in which damages allegedly were incurred in the two cases, the "thing being sued for" in both cases is identical. We conclude that the trial court properly applied the res judicata doctrine to preclude Claims Holding's claims.

Affirmed.