# Third District Court of Appeal
## State of Florida

Opinion filed August 6, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1920
Lower Tribunal No. 24-14564-CA-01
_____

**Rashedah Amatulah,**
Appellant,

vs.

**Daniel E. Palmier, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Rashedah Amatulah, in proper person.

Caldera Law, PLLC, Anthony V. Narula, and Rasheem Johnson, for appellees.

Before SCALES, C.J., and MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Rashedah Amatulah,[1] appeals from orders denying her motion to disqualify the presiding judge and dismissing her civil lawsuit with prejudice. The dismissal followed an order declaring her a vexatious litigant and dismissing her amended complaint with leave to file a second amended complaint through counsel. We agree with the determination by the trial court that the amended complaint failed to adequately state a cause of action. See Barrett v. City of Margate, 743 So. 2d 1160, 1162–63 (Fla. 4th DCA 1999) ("It is a cardinal rule of pleading that a complaint be stated simply, in short and plain language. The complaint must set out the elements and the facts that support them so that the court and the defendant can clearly determine what is being alleged. . . . The complaint, whether filed by an attorney or pro se litigant, must set forth factual assertions that can be supported by evidence which gives rise to legal liability. It is insufficient to plead opinions, theories, legal conclusions or argument.") (citations omitted). We also find Amatulah's disqualification motion was legally insufficient. Accord Aquasol Condo. Ass'n, Inc. v. HSBC Bank USA, Nat'l Ass'n, 312 So. 3d 105, 108 (Fla. 3d DCA 2018) ("A motion to disqualify a trial judge is properly denied where it is legally insufficient. . . . [A]n adverse ruling is not

---

[1] Amatulah spelled her surname "Amatullah" in a prior appeal in this court. See Amatullah v. Palmier, 382 So. 3d 671 (Fla. 3d DCA 2023).

2

a legally sufficient ground to disqualify the trial judge.") (quotation marks and citations omitted); see also Fla. R. Jud. Admin. 2.330(e) (grounds for disqualification). Further, while the right to access the courts is of a constitutional magnitude, Florida courts have exercised their inherent judicial authority in sanctioning an abusive litigant when necessary. See Sibley v. Fla. Jud. Qualifications Comm'n, 973 So. 2d 425, 426 (Fla. 2006); see also Golden v. Buss, 60 So. 3d 461, 462 (Fla. 1st DCA 2011) ("It is well-settled that courts have the inherent authority and duty to limit abuses of the judicial process by pro se litigants."). Indeed, the Florida Legislature recently expanded the definition of "vexatious litigant" in section 68.093(2)(c)(2), Florida Statutes (2025), the Florida Vexatious Litigant Law, to include any self-represented person who, "[a]fter an action has been finally and adversely determined against the person, repeatedly relitigates or attempts to relitigate either the validity of the determination against the same party as to whom the action was finally determined" or the same cause of action. Amatulah's litigation history, as detailed in her own amended complaint and the trial court's order reflecting judicial notice,[2] ostensibly places her within this newly expanded definition. Nonetheless, we are constrained by this

---

[2] See, e.g., Seminole Tribe of Fla. v. State, Dep't of Revenue, 202 So. 3d 971, 973 (Fla. 1st DCA 2016).

3

court's decision in <u>Humes v. Solanki</u>, 305 So. 3d 334 (Fla. 3d DCA 2020), to reverse and remand with instructions for the trial court to issue an order to show cause, on reasonable notice and with an opportunity to respond, before rendering the ultimate determination as to vexatiousness. <u>See</u> <u>id.</u> at 337 ("We grant the petition and quash the order insofar as it imposed a prohibition on further pro se filings without the issuance of an order to show cause to Ms. Humes, on reasonable notice and with an opportunity for her to respond.").

Affirmed in part; reversed in part; remanded.